ELIZABETH W. LONG V. GOTTLIEB WOLF.

1. REDEMPTION NOTICE, *Nature of.* The requirement of the statute relating to the collection of taxes for the publication of the redemption notice is not merely directory. Such notice, though subsequent in point of time to the tax sale, is nevertheless a precedent condition to a valid tax deed.

2. NOTICE OF REDEMPTION, *When Insufficient.* Where the notice of redemption in a tax proceeding sets forth the requirements of the statute, and also contains erroneous statements of the day and year of the tax sale, and such statements are so interwoven into the notice as to contradict its statutory terms, and therefore to be misleading, the notice is insufficient, and so defective as to be fatal to the tax deed.

3. TAX DEED; *Statute of Limitations.* A tax deed was filed for record November 30, 1876; an action for the recovery of the real property therein embraced was begun April 22, 1879, and in such action the controversy turned upon the validity of the tax deed. *Held,* The plaintiff's right to sue was not barred by the statute of limitations in subdivision 3, § 16 of the code, as a different limitation is specially prescribed in § 141, ch. 34, Laws of 1876.

*Error from Doniphan District Court.*

EJECTMENT, brought by *Long* against *Wolf,* to recover one hundred and twenty acres of land. Judgment for the defendant, at the March Term, 1880, of the district court. The plaintiff brings the case here. The opinion states the facts.

*Albert Perry,* for plaintiff in error.

*Mills & Wells,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the nature of ejectment, by plaintiff against the defendant, for the recovery of 120 acres of land. The plaintiff claimed under the original or patent title; the defendant claimed upon the faith of a decree of the district court of Doniphan county, of September 15, 1876, rendered in an action then pending between G. I. and W. R. Stebbins, and plaintiff, and also under a tax deed

of the date of November 30, 1876. On November 18, 1875, G. I. and W. R. Stebbins, grantors of defendant, obtained a tax deed for the land in dispute; under this they took possession, and obtained a decree against the plaintiff, quieting their title, and on November 25, 1876, executed a deed to defendant.

This tax deed is void upon its face, as it recites a sale of ten distinct tracts of land together, for a gross amount. (*Hall's Heirs v. Dodge,* 18 Kas. 277.) The judgment of September 15, 1876, is void and without any force, for the reason that service was only obtained by publication, and no sufficient affidavit was filed; the affidavit failed to show that service could not be made personally on the defendant in that action within the state. Therefore the tax deed of November 18, 1875, and the judgment of September 15, 1876, gave no rights to the defendant's grantors, and being void, they give no right or title to the defendant.

The tax deed of November 30, 1876, is challenged upon various grounds, only one of which, however, it is necessary in our view of the case to notice. The tax certificate recites that the sale was made on the 7th of May, 1872, for the delinquent tax of the year 1871. The redemption notice was as follows:

COUNTY TREASURER'S OFFICE, TROY, KAS., Nov. 24, 1874.

Notice is hereby given to those whom it may concern, that the following described real estate was sold on the 13th day of May, 1873, for delinquent taxes of the year 1871, and that the three years allowed by law for the redemption of the same expire on the 14th day of May, 1875. Therefore any of said described real estate being unredeemed from said taxes in the time limited therefor will be conveyed to the purchaser by tax deed.

ROBERT TRACY, *County Treasurer.*

| OWNERS. | QUAR. | S. | T. | R. | ACRES. | TAX. |
|---|---|---|---|---|---|---|
| Elizabeth Long................................ | N. W. | 35 | 4 | 20 | 160 | 190 80 |

*The State of Kansas, Doniphan County, ss.:*

Sol. Miller, having been first duly sworn, says that the annexed list of lands and lots for redemption was published

for five consecutive weeks, commencing the third day of December, 1874, in the *Weekly Kansas Chief*, a weekly newspaper of which affiant is editor, printed and of general circulation in said county of Doniphan; and the annexed account is correct according to the best of his knowledge and belief, and the charges therefor according to law.

| | | |
|---|---|---|
| 104 descriptions of land at 25c | $26 | 00 |
| 1155 lots at 10c | 115 | 50 |
| 12½ squares notice and heading, five weeks | 37 | 50 |
| Total | $179 | 00 |

SOL. MILLER.

Subscribed and sworn to before me, county clerk in and for said county, this 4th day of January, 1875.

[Seal.]                CHARLES RAPPELYE, *Clerk.*

Filed January 4th, 1875.

This notice we deem insufficient, because contradictory and misleading in its terms, and so defective as to be fatal to the tax deed. It is true that it contains the substantial requirements of the statute; but it also contains other statements and matters of such a character as to render it ineffectual. We have already gone to the extreme verge in the case of *Shoup v. The U. P. Rly. Co.*, 24 Kas. 547, and *Watkins v. Inge*, 18 id. 612, in holding defective notices of redemption sufficiently valid, and do not think that the requirements of such notice can be weakened any further. Those cases deserve to be limited, rather than extended; and the principles there stated in reference to redemption notices must be held as applying only to the particular facts disclosed in the records then before us. The notice, though subsequent in point of time to the tax sale, is precedent to the acquisition of title, and must be substantially complied with. Counsel for defendant claim that, as the errors in the notice were in favor of the plaintiff and against the defendant, and as some of the statements of the notice were unnecessary within the provisions of the statute, the plaintiff was not injured thereby. We do not think the argument sound, because the errors and unnecessary statements tended to contradict the notice and mislead parties. If such errors and statements had been omitted, the notice would be valid.

Counsel for defendant suggest that plaintiff's right to sue is barred by the statute of limitations of subdivision 3, § 16 of the code, which provides that an action for the recovery of real property sold for taxes must be brought within two years after the date of the recording of the tax deed. The tax deed was filed for record November 30, 1876. This action was begun April 22, 1879. The law in force at the time of the commencement of the action was § 141, ch. 34, Laws of 1876, which took effect March 11, 1876, and reads:. "Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes, except in cases where the taxes have been paid, or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter." Sec. 16 of the code cannot therefore be said to apply, as a different limitation is specially prescribed by the statute of 1876, and this action is governed by such limitation. The defendant must be remitted to his remedy for the taxes and improvements under the occupying-claimant act.

The judgment of the district court will be reversed, and the case remanded with directions to the court to proceed in accordance with the views herein expressed.

All the Justices concurring.