R. W. LEPPO v. WILLIAM L. GILBERT AND HENRY GAY, *Partners, &c.*

1. TITLE, *When not Acquired by Tax Deed.* A purchaser of real estate subject to a mortgage, and in possession thereof, and under duty to pay the taxes for which a tax deed was afterward given upon the premises, cannot acquire title thereto by purchase from the holder of the tax deed.

2. ———— *Void Title.* The title so acquired would be void in the hands of a subsequent purchaser without other notice than the record of the mortgage and the record of the conveyances to his grantor, and the possession of the premises by such grantor.

*Error from Neosho District Court.*

AT the July Term, 1880, of the district court, *Gilbert & Gay*, partners, as plaintiffs, recovered a judgment against certain parties, including *Leppo*, who brings the case here. The facts appear in the opinion.

*T. W. Cogswell*, and *L. Stillwell*, for plaintiff in error.

*Hutchings & Denison*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by defendants in error in the court below, to recover upon two bonds for the payment of money, executed by William D. Kyle, on January 1, 1874, and to foreclose a mortgage upon one hundred and forty acres of land situated in Neosho county, given on the same day, by William Kyle and Mary A. Kyle his wife, to secure the payment of bonds. The plaintiff in error, R. W. Leppo, was made a defendant on account of some interest which he claimed in the premises adverse to the defendants in error. Leppo answered, alleging that he was the owner in fee of forty acres of the land described in the petition, by purchase and conveyance from one R. A. Phelps and wife, of the date of January 17, 1880. He asked that the mortgage upon the forty acres claimed by him might be declared null, and of no force whatever. The case was sub-

mitted to the court upon an agreed statement. The facts contained therein are substantially as follows:

At the date of the execution of the mortgage by William D. Kyle and wife to secure the bonds executed to Gilbert & Gay, William D. Kyle was the owner of the land described in the mortgage, and in the possession thereof. The mortgage was duly recorded on the 3d day of January, 1874. On the 20th day of July, 1875, Kyle and wife by deed of general warranty, conveyed all of the land to one, R. A. Phelps. The deed contained no reservation or exceptions whatever, and was duly recorded in the office of the register of deeds of Neosho county, on the 3d day of May, 1876. Phelps took possession of the land under the deed at its date, and remained in possession until the execution of the deed to R. W. Leppo, hereafter referred to. As part of the consideration of the conveyance to Phelps, though not expressed in the deed, he assumed the payment of the mortgage given by Kyle and wife, and agreed to perform the conditions thereof. In pursuance of such agreement, he paid to Gilbert & Gay a part of the interest due on the mortgage when it accrued. On the 9th day of May, 1877, while Phelps was in the possession of the land, and being the owner thereof, subject to the mortgage, one T. D. Lewis obtained a tax deed on forty acres thereof. This tax deed was recorded on May 9, 1877, in the office of the register of deeds of Neosho county. It was the duty of Phelps to pay the taxes for which the tax deed was executed. On the 13th day of July, 1877, T. D. Lewis and wife executed to said Phelps their deed or quitclaim to the forty acres described in the tax deed held by them, which conveyance was duly recorded in Neosho county. On the 17th day of January, 1880, R. A. Phelps and Martha J. Phelps his wife, for a valuable consideration, executed to R. W. Leppo, plaintiff in error, their deed of quitclaim to the forty acres of land embraced in the tax deed, which was duly filed for record, and said Leppo then entered into the possession of the forty acres, and has ever since been in the peaceable possession of the same in good faith. T. D. Lewis

and wife never had any title to said land, or any part thereof, except under the tax deed of May 9th, 1877. Leppo had no notice of the facts nor the conditions of sale, nor of the agreements between Kyle and Phelps, except as appeared of record in the office of the register of deeds of Neosho county, and the possession of Phelps of the land. Phelps is still the owner and in possession of all the land described in the mortgage, except the forty acres conveyed to Leppo. . Judgment was rendered for Gilbert & Day, the court holding that their mortgage was prior and superior to the interest of Leppo in said forty acres. The latter brings the case here for review.

After full examination of the points submitted by counsel of Leppo, we perceive no error in the rulings or judgment of the district court. If the question of the statute of limitation was in the case, it must be decided adversely to the claim of plaintiff in error. We have recently investigated the question of the extension of the statute of limitations for the recovery of lands sold for taxes, and it is unnecessary to restate our views. ( *Long v. Wolf*, 25 Kas. 522; *Keith v. Keith*, *ante*, p. 26.)

We have examined the case of *Mulcahy v. Florer*, 8 N. W. R., pp. 188–190. The decision in that case is not contrary to our views expressed in the cases lately decided, and even the language of the opinion cannot be deemed conflicting, because it is distinctly alleged in the opinion that the latter act contained no express or other repeal of the former act, and only operated for future assessments, and future proceedings to enforce the collection of taxes. The question of the statute of limitation, however, is not properly before us, as the purchase by Phelps of Lewis and wife, on July 13, 1877, merely operated as the payment of all taxes. It is conceded in the agreed statement of facts, that Phelps was to pay the taxes for which the tax deed was executed, and although the counsel of Leppo attempt to evade the force of this admission, we are bound by it, and must hold thereunder that Phelps ought to have paid the taxes for which the tax deed was given. By omitting to do so, he was guilty of bad faith; and as he was

under both legal and moral obligation to pay the taxes, he could not acquire title to the land by bidding at the tax sale, or purchasing of Lewis and wife a tax claim. As Phelps had no power to take a tax title on the land, Leppo acquired no other interest therein than such as Phelps had. His interest was subject to the mortgage held by Gilbert & Gay, and such mortgage was paramount to any claim of Phelps, or any interest he transferred to Leppo.

The judgment of the district court will be affirmed.

All the Justices concurring.