D. R. Fant v. A. O. Brannin et al.

(No. 5514.)

Tax deed.— Authority to levy must be shown; sale in gross not valid.

Appeal from Live Oak county.    Opinion by Watts, J.

Statement.— Appellees brought trespass to try title against appellant to recover four several tracts of land.

Appellant answered by general demurrer and general denial, and relied upon a tax deed for title. Upon the trial the court excluded the tax deed as muniment of title. To show a common source, appellees, in connection with the tax deed, offered in evidence a certified copy of a decree of the district court of Jackson county, entered in 1872, by which the lands belonging to the estate of J. D. Owen, deceased, were partitioned among his heirs, in which the lands in suit were set apart to appellees.

Opinion.— In this case appellant claims through a tax deed executed by Alex. Coker, as tax collector of Live Oak county, to R. H. Brown, for four several tracts of land described in the petition.

The deed recites that the sale was made to pay the delinquent tax assessed upon the land against A. C. and J. S. Brannin, for the year 1875.

This sale was made upon the certificate of the comptroller, under the act approved August 19, 1876. General Laws 1876, p. 255. Aside from the certificate of comptroller, there was no evidence adduced tending to show that any assessment of the tax had been made upon the land.

It is incumbent upon a party claiming under a tax deed to establish, by evidence other than the recitals in the deed, a substantial compliance with the statute, and a compliance with the prerequisites authorizing the sale, including a valid assessment. Here it does not appear when or by whom the assessment was made, or by what authority, or how

evidenced. Besides the sale was made in gross; that is, the four several tracts of land, aggregating one thousand two hundred and eighty acres, were sold in gross for the sum of $8.50, and, as this affirmatively appears upon the face of the deed, it seems clear, for that reason, the deed must be considered as void. Montgomery *v.* Birge, 31 Ark., 491; Long *v.* Wolf, 25 Kan., 523; Byam *v.* Cook, 21 Iowa, 392. In our opinion the court did not err in excluding tax deed.

Nor was there any error in admitting the certified copy of the decree of the district court of Jack county partitioning the estate of J. W. Owen, deceased, in 1882.

The tax deed under which appellant claimed only purported to convey two of these tracts.

AFFIRMED.