## NICHOLAS CASNER v. JOSEPH GAHLMAN.
### No. 256.

1. NOTICE OF TAX SALE—*must state that sale will be by county treasurer.* Under paragraph 6955, General Statutes of 1889, a notice of the sale of lands for the non-payment of taxes which does not state that the sale will be made by the *county treasurer* is defective, and a sale based upon such notice is voidable.

2. NOTICE OF REDEMPTION FROM TAX SALE—*should not contain charges not provided for by statute.* There is no authority for including in the redemption notice under tax sale, the amount paid by the county for advertising the property for sale, nor the amount paid by the purchaser for a tax certificate. The notice should state "the amount of taxes charged, and interest."

Error from Saline District Court. Hon. R. F. Thompson, Judge. Opinion filed November 15, 1897. *Affirmed.*

This was ejectment, brought by defendant in error in the District Court of Saline County. The defendant below claimed under a tax deed. It was conceded that, unless he had been deprived of title by the tax deed, plaintiff below should have recovered. The judgment of the lower court was against the tax-deed holder. Two questions are presented for consideration : *First,* was the tax-sale notice sufficient under the law ? *second,* was the final redemption notice a valid notice ?

*Fred W. Casner,* for plaintiff in error.

*Burch & Burch,* for defendant in error.

McELROY, J. I. Was the notice given of the tax sale a sufficient notice under the statutes? The notice as published reads :

"Notice is hereby given that the following described lands and town lots, or so much thereof of

296        Casner v. Gahlman.

N. Dept.            Opinion.  McElroy, J.            6 Kan. App.

each tract as may be necessary for that purpose, will on Monday, October 27, 1890, and during the next succeeding days thereafter, be sold at public auction at my office in the courthouse in Saline County, Kansas, for the taxes and charges due thereon for the year A. D. 1889.''

Before any real estate can be sold at tax sale on account of non-payment of taxes, notice of such sale is required to be given in accordance with paragraph 6955, General Statutes of 1889, which is as follows :

'' The county treasurer shall, between the first and tenth of July in each year, make out a list of all lands and town lots subject to sale, describing such lands and town lots as the same are described on the tax roll, with an accompanying notice stating that so much of each tract of land or town lots described in said list as may be necessary for that purpose will, on the first Tuesday of September next thereafter, and the next succeeding days, be sold by him at public auction, at his office, for taxes and charges thereon,'' etc.

By this statute the Legislature has determined and expressed what shall be the essential and necessary elements of this notice : *First*, a description of land or lots to be sold ; *second*, certainty as to the day of sale ; *third*, that the sale shall be an official sale by the county treasurer ; *fourth*, that the sale shall be at public auction ; *fifth*, certainty as to the place of sale.

The notice does not state that the sale will be *conducted by the county treasurer*. This sale, to be a legal one, must be an official sale. The treasurer is an agent of the State. This sale might be conducted by any county officer, or any auctioneer, only that the Legislature has seen fit to require such sale to be made by the treasurer ; and not only that the sale be made by the treasurer, but the Legislature has seen fit to require that the notice of the sale shall set forth

CASNER v. GAHLMAN. 297

Nov. 15, 1897.        Opinion.    McElroy, J.                    C. Div.

that the sale will be made by the county treasurer. This requirement of the notice is as peremptory as any other requirement of the notice. It is within the power of the Legislature to determine what the notice shall contain, and, when determined, such determination is conclusive. The notice is defective and insufficient, and the sale based upon the same is a voidable sale.

II. Was the final redemption notice a valid notice? Paragraph 6986, General Statutes of 1889, reads:

"The county treasurer, at least four months before the expiration of the time limited for redeeming lands as aforesaid, shall cause to be published in some paper published in, or of general circulation in, his county, once a week, for four consecutive weeks (the publication herein provided to be completed at least four months before the day of sale), a list of all unredeemed lands and town lots, describing each tract or lot as the same was described on the tax roll, stating the name of the person to whom assessed, if any, and the amount of taxes charged, and interest, calculated to the last day of redemption, due on each parcel," etc.

In this case the tax roll as set forth in the record shows the amount of taxes charged against the real estate in question to have been $22.22; and interest upon this amount at the rate of twenty-four per cent. from the date of sale to the last day of redemption amounts to $15.98, making a total of $38.20 taxes for the year 1889, and interest. The tax of 1890, paid by the purchaser, was $15.58, and the interest upon that sum to the last day of redemption was $10.40, making a total of $25.98. The total sum for the two years was $64.18. This is the correct amount which should have appeared in the redemption notice. The redemption notice stated the amount of taxes charged, with interest calculated to the last day of redemption,

to be $64.80, an overcharge of sixty-two cents. There is no authority for including in the redemption notice the amount paid by the county for advertising the property for sale, nor the amount paid by the purchaser for the tax certificate, nor any other cost or charge, nor interest upon charges subsequent to the sale. The notice required should state "description of the land as described on the tax roll," the "name of the person to whom assessed," the "amount of taxes charged, and interest to the last day of redemption." The requirements of the statute in this respect are mandatory and not directory merely, and such error invalidates the notice and renders voidable the deed.

We conclude, therefore, that both the notice of tax sale and the final redemption notice are defective, and insufficient to sustain the tax deed. The findings and judgment of the trial court are in accordance with the evidence.

The judgment of the trial court will be affirmed.