## C. F. SHINKLE *et al.* v. KIRK MEEK.

### No. 13,644.    (76 Pac. 837.)

#### SYLLABUS BY THE COURT.

1. TAXATION—*Defective Notice of Redemption—Deed Voidable —Tender Unnecessary.* If, in a final redemption notice, the sum stated as necessary to redeem be substantially greater than the amount of taxes charged, with interest calculated to the last day of redemption, the error will make voidable a tax deed based on such notice, if attacked in time. A tender of the sum actually due is not a condition precedent to the maintenance of an action to set aside such tax deed.

2. —— *Action to Quiet Title—Pleading.* A plaintiff may have his title quieted to land sold for taxes in an action for that purpose, where his petition counts upon general equitable considerations, and does not show in whom the possession is; especially so, when the answer avers that the land is vacant and unoccupied.

3. —— *Tax Deed Void—Arbitrary Division of Costs— Holder of Tax Title Estopped.* A plaintiff in an action to quiet title to land sold for taxes made a tender of an amount which he claimed was sufficient to pay the defendants' tax lien. This tender was not accepted, and the trial proceeded upon the questions as to the validity of defendants' tax deed and the amount of the lien to which they would be entitled if the deed should be found invalid. The court adjudged the deed invalid, found the amount of their lien to be greater than the sum tendered, and adjudged that they pay all costs made after the tender. *Held,* that this division of costs was not erroneous as to the defendants, although it was an arbitrary one, for by continuing to litigate the title they made themselves properly chargeable with all costs.

Error from Hamilton district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed May 7, 1904. Affirmed.

*George Getty,* and *George J. Downer,* for plaintiffs in error.

*W. H. Brown,* and *U. T. Tapscott,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: The meritorious question here involved is whether, in the final notice of redemption, the inclusion of a printer's fee of twenty-five cents and a county treasurer's fee of five cents in the amount necessary to redeem lands sold for taxes is sufficient to avoid a deed issued in pursuance of such sale, if attacked before the running of the statute of limitations in its favor.

The statute relating to this final notice (Gen. Stat. 1901, § 7671) provides that it shall contain "a list of all unredeemed lands and town lots, describing each tract or lot as the same was described on the tax-roll, stating the name of the person to whom assessed, if any, and the amount of taxes charged, and interest calculated to the last day of redemption, due on each parcel, together with a notice that unless such lands or lots be redeemed on or before the days limited therefor, specifying the same, they will be conveyed to the purchasers." The effect of this notice is to warn the owners of lands sold for taxes that they must redeem by a time certain, and that such redemption will be at a cost therein indicated. The items of cost of advertising and fee of the treasurer for making the lists are not by this statute to be included in the amount so designated. These statutory provisions, cutting off the original title as they do, must be substantially followed. If there may be included in this advertisement a substantial amount more than is warranted by the statute, then a larger and very excessive amount may be so included, and the owner, looking upon this final notice, might well conclude that he preferred to permit his title to be defeated by this proceeding rather than to pay the amount which this notice says must

24—69 KAN.

be paid to redeem. Upon this particular point it was said, in *Casner v. Gahlman*, 6 Kan. App. 295, 298, 51 Pac. 56 :

"The notice required should state 'description of the land as described on the tax-roll,' the 'name of the person to whom assessed,' the 'amount of taxes charged, and interest to the last day of redemption.' The requirements of the statutes in this respect are mandatory and not directory merely, and such error invalidates the notice and renders voidable the deed."

We think the action of the trial court in the case at bar in so holding was correct.

Plaintiffs in error think that the case of *Watkins v. Inge*, 24 Kan. 612, is opposed to this view, but we do not so read it. That was a case where the redemption notice failed to state an amount large enough, the tax for one year being omitted. It did, however, plainly state that the tax of the given year was omitted, and the court held that any person wishing to redeem could easily ascertain the amount of the taxes for the year omitted—undoubtedly because they were thus notified. The added remark, that "no redemption was attempted or any offer to redeem made," was simply *arguendo*, as no attempt or offer was required as a prerequisite to the maintenance of an action like this. (*Babbitt v. Johnson*, 15 Kan. 252 ; *Coe v. Farwell*, 24 id. 566.)

Complaint is made that an amendment to the petition was permitted to be filed several months after the trial was had. It appears, however, that the court found that the amendment in question was permitted by the court, actually handed to the clerk upon the trial, and then used as a basis for the introduction of evidence. This being so, the court might well permit the formal indorsement of the filing date *nunc pro tunc*.

After the introduction in evidence of the redemption notice the treasurer was asked to state if, from his own knowledge, he could say whether the excessive charges complained of were embraced in the amount specified in the notice as being necessary to redeem, and he was permitted, over the objection of the plaintiffs in error that such oral testimony was not the best evidence, to state that they were. We find no material error in this. It was shown that he had made up these lists for the printer; that he had personal knowledge of the items which went to make up the amount in question. It did not appear that these items were found in any of the books of the treasurer's office. To be sure, by an examination of those books it could have been ascertained that the legitimate items there appearing were not sufficient to make up the amount found in the advertisement, and, from a calculation, the inference might have been drawn that these unauthorized items were contained in the amount shown by the advertisement; yet we hardly think that such a showing and such a calculation would have been better evidence than the statement of the treasurer, who had full knowledge of the facts.

The averments of the petition are many and prolix—unnecessarily so; but they show that the plaintiff was the owner of the land in dispute in fee, and that the defendants had obtained and put on record tax deeds thereto, which are alleged to be void. It contains no averments as to possession, but has allegations warranting general equitable relief, and prays that plaintiff's title be quieted. The answer, however, sets out that the land is vacant and unoccupied. The reply generally and specifically denies the allegations of the answer. Under this condition of the

pleadings the plaintiff could have his title quieted. (Gen. Stat. 1901, § 7682 ; *Douglas v. Nuzum*, 16 Kan. 515.)

At the commencement of the trial the plaintiff brought into court, and made tender of, money sufficient in character, and, as he claimed, sufficient in amount, to extinguish defendants' tax lien. This was refused, and the litigation as to the validity of the tax deeds, as well as to the amount of the tax lien, proceeded. As seen above, the court correctly adjudged the former against the defendants, but found the amount of the tax lien to be greater than the amount tendered. The court, however, adjudged that the defendants pay all costs made after the tender. The plaintiffs in error, defendants below, suggest this as error, claiming that, as the amount tendered was not sufficient to extinguish the tax lien, the entire costs should have been taxed to the plaintiff. It must be remembered that the amount of the lien was not the only question being litigated ; the question of title, dependent upon the validity of the tax deeds, was in contention until the end. It is not at all certain that the defendants ought not to have been taxed with all the costs, in view of this. Why, in dividing the costs, the court chose as a divisional point the time of the tender is not apparent ; it was certainly an arbitrary division, and, so far we can see, had no logical application to the matter, if the costs were to be divided at all ; but, if divided, the division thereby fixed may have been as equitable and fair as any that could have been made ; at least, we do not think it was one of which the defendants can complain.

The judgment is affirmed.

All the Justices concurring.