Salter v. Corbett.

---

WILLIAM A. SALTER v. S. H. CORBETT *et al.*

No. 16,039.

SYLLABUS BY THE COURT.

TAX DEEDS—*Ejectment by Holder—Validity of Tax-sale Proceedings—Statute of Limitations.* In Kearny county the records of the register of deeds' office and those in the treasurer's office were largely destroyed by fire. To facilitate proof of titles in that county the legislature enacted chapter 11 of the Laws of 1898. An action of ejectment was subsequently commenced in that county, by the holder of a tax deed, to recover the possession of real estate in the actual occupancy of the defendant, who was the holder of the government title. The tax deed had been recorded nearly fifteen years. It did not appear who had been in the actual possession of the land prior to the time when the action was commenced. The original tax deed was lost. The plaintiff made a *prima facie* case under the statute referred to, and rested. *Held:* (1) That the defendant might properly introduce the tax proceed-

ings for the purpose of defeating the tax deed. (2) A showing that the notice of the tax sale did not state that the sale would be made by the county treasurer, and that the amount necessary to redeem, as stated in the final redemption notice, was materially greater than the true amount, would be sufficient to invalidate the deed. (3) A finding by the court, under such evidence, that the plaintiff could not recover was not erroneous. (4) The statute of limitations prescribed by section 7680 of the General Statutes of 1901 could not, in such a case, be invoked in behalf of the plaintiff. (5) In such a case the rule relating to ancient records has no application.

Error from Kearny district court; WILLIAM H. THOMPSON, judge. Opinion filed June 5, 1909. Affirmed.

*William Easton Hutchison,* for the plaintiff in error.
*Orla H. Foster, Fred J. Evans,* and *Fred S. Dunn,* for the defendants in error.

The opinion of the court was delivered by

GRAVES, J.: This was an action of ejectment, commenced in the district court of Kearny county, February 15, 1907, by William A. Salter, to recover the real estate in controversy. The plaintiff claimed title under a tax deed, which had been of record almost fifteen years. The defendants were in possession, claiming title from the government. It is conceded that the defendants should recover unless the tax deed prevails.

The original tax deed was lost, and the public record thereof had been destroyed by fire. The plaintiff, therefore, undertook to establish the deed under the provisions of chapter 11 of the Laws of 1898, which, so far as applicable, read:

"It is by this act provided that the final receipt record, the reception record, and the general index to deeds in the register of deeds' office, in Kearny county, Kansas, which records were saved from fire which destroyed the court-house in Kearny county, Kansas, January 18, 1894, together with the transfer records in the county clerk's office of said county, that was saved from the fire of January 18, 1894, shall be *prima facie*

Salter v. Corbett.

evidence of the records of deeds and land titles in Kearny county, Kansas, which were destroyed by said court-house fire, to which the index to deeds gives volume and page of record on which the deeds were recorded,·in the records destroyed by said fire." (§ 1.)

He offered in evidence the transfer record, general index to deeds, the reception record, and then rested. The court held that such proof placed the plaintiff in the same position as if the original deed, good upon its face, had been produced. The defendants, to invalidate the tax deed, produced testimony tending to establish error in the tax proceedings. Upon this evidence the court found the deed invalid and entered judgment in favor of the defendants. The plaintiff prosecutes error.

It does not appear who had been in the actual possession of the land, except that the defendants were in possession at the time the action was commenced. The answer of the defendants contained an admission of possession and a general denial.

It is claimed that the tax deed in question did not have the seal of the county attached, as required by section 7676 of the General Statutes of 1901. In the absence of the deed oral evidence of witnesses was produced which tended to show that such seal was not used. This question of fact was tried to the court, and under its general finding for the defendants every material fact was found against the plaintiff, including the claim that the proper seal was not used.

It is further contended by the defendants that the notice of the tax sale, because it did not state that the sale would be made by the county treasurer, was invalid, and made the deed based thereon voidable. This contention is sustained by the case of *Casner v. Gahlman*, 6 Kan. App. 295, which was affirmed by this court. (60 Kan. 857.) It is contended that the notice involved in those decisions was not signed by the county treasurer, and that this difference between it and the one here involved might have been the occasion of the decision. Nothing, however, was said in the opinion con-

cerning the absence of this signature, and the grounds upon which the decision was placed indicate that this fact was not considered. The defect of the notice was found in its substance rather than its execution or form. In the opinion of the court of appeals it was said:

"It is within the power of the legislature to determine what the notice shall contain, and, when determined, such determination is conclusive." (Page 297.)

The case was affirmed by this court for the reasons assigned by the court of appeals. It is not a question of being misled by the notice, but a matter of complying with the requirements of the statute. No statement whatever is made in the notice as to who will make the sale, and therefore it can not be said that the notice substantially complies with the law. It is not sufficient that the notice state definitely *where* the sale will take place; it must also state that it will be made by the treasurer.

The final redemption notice gave the amount necessary to redeem at thirty-five cents on each lot more than the true amount, or seventy cents for the two lots. Such a discrepancy has been held to be fatal. (*Shinkle v. Meek,* 69 Kan. 368.)

It is further claimed that the time fixed for final redemption is indefinite and uncertain. The notice recited that the tax sale commenced September 3, 1889, and continued from day to day until the 9th day of September, 1889, and that unless such lands were redeemed on or before September 10, 1892, they would be conveyed to the purchaser. It is said that this notice gives to some owners six days longer than to others, and six days more than three years.

These constitute the objections made by the defendants to plaintiff's tax deed. The court found for the defendants generally, and, of course, if any one of the objections is good the judgment must be sustained. Under the decision in the case of *Casner v. Gahlman,* 6 Kan. App. 295, above cited, both the tax-sale notice

and the notice of final redemption are defective and sufficient to avoid the tax deed.

The five-year statute of limitations which protects tax deeds was unavailing to the plaintiff, for the reason that it is exclusively a defense and can not be used as a cause of action. The *prima facie* effect of the deed was therefore the most that the plaintiff could establish. (*Burditt v. Burditt*, 62 Kan. 576; *Johnson v. Wynne*, 64 Kan. 138; *Gibson v. Johnson*, 73 Kan. 261; *Stump v. Burnett*, 67 Kan. 589.)

It has been suggested in argument that, in a case like the present, the tax proceedings should be construed with the same liberality now given to tax deeds which have been of record more than five years. The proposition, as stated by counsel for the plaintiff in error, reads:

"One of the principal questions in this case is whether or not the liberal rule of construction and presumptions which has so often been enunciated by this court with reference to tax deeds more than five years old should apply to the proceedings upon which such a deed is based when the deed is made the basis of an affirmative action and therefore not protected by the statute of limitations, and in this connection we desire to call attention to the fact that this doctrine is not based arbitrarily on the statute of limitations, but upon the general doctrine of presumptions in favor of the validity of ancient proceedings."

We are unable to see how the rule suggested could be made to apply here. The law concerning ancient records related to their admission as evidence rather than to their construction after being admitted. (3 Wig. Ev. § 2137 *et seq.*; 17 Cyc. 443.) In this case the tax proceedings were placed in evidence under a special statute enacted for that purpose and for that county. After the records were in evidence we are unable to see any reason why they should not be construed as any other evidence, in the absence of a statute providing otherwise. Tax deeds are creatures of the statute. The rules and regulations concerning tax proceedings are

largely statutory, and the rules of construction applicable to them are the same as those which apply to other instruments and statutory provisions, unless changed by some rule of law. The liberal rule applied to tax deeds which have been recorded more than five years is founded upon section 7680 of the General Statutes of 1901, which was intended to close all controversy concerning the validity of such deeds, and to sustain this policy such a rule is a necessity. No such reason exists in relation to tax proceedings.

This disposes of all the questions discussed. We are unable to find error, and the judgment is affirmed.