HARRY BRICE, *Appellee*, V. E. T. SAYLER *et ux.*, *Appellants*, and B. J. G. BETTELHEIM *et al.*, *Appellees.*

No. 16,534.

SYLLABUS BY THE COURT. ·

QUIETING TITLE—*Pleading—School Land—Invalid Forfeiture—Purchase by Holder of Defective Tax Deed—Parties Entitled to Complain.* The state issued to a purchaser a certificate of purchase of school land. A forfeiture was attempted, and a certificate was issued to a second purchaser, but the forfeiture proceedings were void. The land was sold for taxes, a tax deed was issued, and the tax purchaser paid out the first school-land certificate and obtained a patent. The tax proceedings were defective. In an action by the patentee to quiet his title the two holders of school-land certificates set up their titles and asked for affirmative relief. Judgment was rendered for the patentee, and only the second certificate holder appealed. *Held,* it is no longer material whether the plaintiff proceeded under the statute or in equity, and the appellant can not complain of defects in the tax proceedings.

Appeal from Gray district court; GORDON L. FINLEY, judge. Opinion filed May 7, 1910. Affirmed.

*B. F. Milton, James B. Naylor, Robert Stone,* and *George T. McDermott,* for the appellants.

*Thomas A. Scates, Albert Watkins,* and *Harry Brice,* for appellee Harry Brice.

The opinion of the court was delivered by

BURCH, J.: Bettelheim held the land in controversy as the assignee of a valid school-land contract, issued in 1885. An attempt was made to forfeit his rights in 1895, but the proceedings were void. The land was resold in 1901, and Sayler became the assignee of the contract issued upon the second sale. The taxes on the land were not paid and it was sold to the county at tax sale in 1903. Brice took an assignment of the certificate of sale in 1906, procured a tax deed, paid out Bettelheim's contract, and obtained a patent in 1909. It may be conceded for the purpose of the decision that the

assignment of the tax-sale certificate and the tax deed were invalid. Before the patent was issued Bettelheim tendered to the county treasurer the amount due on his contract, and Sayler tendered to Brice the amount of the tax lien. Both tenders were refused. After receiving his patent Brice brought suit to quiet his title. Bettelheim answered claiming title under the first school-land contract. Sayler answered claiming title under the second school-land contract. Judgment was rendered for Brice, and Sayler appeals.

In this court Sayler derides the tax proceedings under which Brice claims. Brice scoffs at the forfeiture proceedings which support Sayler's contract. Brice says he stands in Bettelheim's shoes. Sayler says Bettelheim's shoes were lost, and that Brice must recover on the strength of the tax proceedings and not on the weakness of the forfeiture proceedings. Bettelheim, having been sent out of court barefoot, made no attempt to come up, and consequently can not be heard.

The key to the solution of this problem lies here: Sayler did not rest content with disputing the strength of Brice's title. He became an aggressor, put his own title in issue, and asked affirmative relief against Brice and Bettelheim. Bettelheim adopted the same course against Brice and Sayler, and the court was called upon to adjudicate, not the relative strength, but the actual validity, of each man's claim to the property.

Bettelheim claimed the elder title, and the first question was, Did the forfeiture proceedings cut him off? Sayler does not undertake to defend the service of the notice of forfeiture. It had no legal force, the second sale was a nullity, Sayler has no shadow of title, and consequently he went out of the case. The remaining question was, What effect did the tax proceedings have upon Bettelheim's unforfeited contract rights? Sayler had no interest in this question or its answer. The court decided in favor of Brice, and Bettelheim does not complain.

Since Bettelheim was the only person who could redeem from the tax sale, Sayler's tender to Brice amounted to nothing. It is not now material to Sayler whether the petition upon which Brice recovered was based upon the statute or conformed to the procedure in equity. Sayler was defeated on his own pleading and can not be prejudiced by Brice's recovery from Bettelheim.

The judgment of the district court is affirmed.