G. A. HARP, *Appellee*, v. W. L. WILSON, *Appellant*.

No. 16,842.

SYLLABUS BY THE COURT.

STATUTORY CONSTRUCTION—*Stare Decisis—Taxation—Redemption Notice*. That portion of section 7671 of the General Statutes of 1901 which required the treasurer to state in the redemption notice "the amount of taxes charged, and interest," is free from ambiguity, and was correctly construed in *Casner v. Gahlman*, 6 Kan. App. 295, 60 Kan. 857, and *Shinkle v. Meek*, 69 Kan. 368.

Appeal from Neosho district court. Opinion filed February 11, 1911. Affirmed.

*H. P. Farrelly*, and *T. R. Evans*, for the appellant.

*A. S. Lapham, S. W. Brewster*, and *John W. Lapham*, for the appellee.

The opinion of the court was delivered by

WEST, J.: This appeal involves only the construction of original section 137 of chapter 34 of the Laws of 1876, entitled "An act to provide for the assessment

and collection of taxes" (Gen. Stat. 1901, § 7671), which required the county treasurer to state in the redemption notice "the amount of taxes charged, and interest calculated to the last day of redemption."

It is urged that the legislature intended by this provision that the treasurer should state "the amount of taxes, charges, and interest"; that this was shown by the change in the statute made by the legislature (Laws 1905, ch. 499, Gen. Stat. 1909, § 9474), and that *Casner v. Gahlman*, 6 Kan. App. 295, 60 Kan. 857, and *Shinkle v. Meek*, 69 Kan. 368, should be overruled.

The language of the original section is of itself entirely free from ambiguity, and with its wisdom we have no concern. The argument that the legislature, having used the expression "taxes, charges, and interest" frequently in the original act, and the words under consideration but once, which words could be made to correspond with the other expressions by placing a comma and changing "d" to "s," is plausible, but not sufficient to overturn the doctrine of *stare decisis.* The ruling of the trial court is affirmed.