JOE L. PARKER, *Appellee*, v. GEORGE VAUGHN *et al.*
(DENNIS D. DOTY, *Appellant*).

No. 17,017.

SYLLABUS BY THE COURT.

1. QUIETING TITLE—*Tax Deed—Who May Attack.* The rule
that one must show an interest in the property in order to
attack a tax deed applies only to a party who is seeking
affirmative relief. One who stands wholly upon the defensive
may, without proving his own interest, show that a tax deed
less than five years old, upon which a decree quieting title
against him is sought, is invalid as a conveyance of title be-
cause of irregularities not showing on its face.

2. ———— *Same.* Where an action to quiet title upon a tax deed
is brought in the alternative, against one who if alive owns
the patent title, and against his unknown heirs if he is dead,
the grantee in a conveyance executed after the commencement
of the action, by those who are the heirs if such death has
taken place, is in substantially the same position as an original
defendant.

Appeal from Finney district court. Opinion filed
July 7, 1911. Modified and reversed.

*W. R. Hopkins*, and *Richard J. Hopkins*, for the
appellant.

*O. H. Foster*, and *Edgar Foster*, for the appellee.

The opinion of the court was delivered by

MASON, J.: On February 25, 1907, Joe L. Parker
began an action to quiet title against George Vaughn
and wife and their unknown heirs, his petition alleging
that he was the owner and in possession of the tract
involved, and that the defendants claimed an interest
therein which was in fact void. Dennis D. Doty was
made a defendant upon his own application and filed
an answer and cross-petition, consisting of a general
denial and an allegation that he owned an undivided
one-third interest in the land, which he asked to have
partitioned. The plaintiff in a reply set out a tax deed

issued to himself in November, 1906. Doty filed a reply alleging that the deed was void, among other reasons because no redemption notice had been published in the course of the proceedings on which it was based.

At the trial the plaintiff introduced his tax deed, and evidence tending to show these facts: The land belonged to one Samuel Vaughn at the time of his death; he died intestate in June, 1902, leaving no widow, but two daughters and one son, unless the son was already dead. This son, George Vaughn, had disappeared when he was seventeen years old and had not been heard from by his relatives since, the period being over eighteen years. In August, 1902, the daughters conveyed an undivided two-thirds interest in the property to Daniel Larmor, who is not a party and whose title is not brought in question. Doty's only claim to the property is under a deed from the two daughters, executed March 2, 1907, purporting to convey an undivided one-third interest and reciting that they had not heard from George Vaughn for about twenty-four years.

Doty, at the conclusion of the plaintiff's evidence, dismissed his cross-petition. The plaintiff then admitted, subject to the objection that Doty had no standing to raise the question, that the tax deed was void for irregularities not showing upon its face, one of them being that no redemption notice had been published. Doty then introduced the depositions of the two sisters of George Vaughn, covering matters already stated and showing that they had not heard from him for fifteen or twenty years and regarded him as dead.

The court gave judgment for the plaintiff, decreeing him to have a perfect title as against George Vaughn, his heirs and devisees, and Doty, and barring them from any interest in the premises. Doty appeals.

From this statement it will be seen that if George Vaughn died before his father, his sisters inherited the entire tract, and their deed to Doty conveyed an un-

divided one-third interest. If he died after his father, his sisters inherited a one-third interest from him, and the result was the same, unless he died testate or left a widow or child, matters regarding which there is no presumption either way. (22 A. & E. Encycl. of L. 1291; 9 Encyc. of Ev. 912, 913.) If he is still alive he is the owner of one-third of the property and Doty has no claim.to it. The court obviously held that the evidence did not support the presumption of the death of George Vaughn, because diligent inquiry for him was not shown. (*Modern Woodmen v: Gerdom,* 72 Kan. 391.) The correctness of this view is not challenged, but Doty maintains that the plaintiff was not entitled to recover, because he failed to prove possession and because his tax deed was invalid.

The ordinary rule is that in an action to quiet title the plaintiff must either allege and prove actual possession or plead in detail the facts upon which his claim is based. Here the petition was drawn in the short form, which the statute authorizes only when the plaintiff is in possession. (Civ. Code, § 594, Gen. Stat. 1901, § 5081, Code 1909, § 618; *Douglass v. Nuzum,* 16 Kan. 515.) But as the subsequent pleadings developed the claims of the parties, it is not apparent that any prejudice could have resulted from the lack of a more complete statement. (*Brice v. Sayler,* 82 Kan. 500.) Apart from any question of the pleadings and apart from the question whether the plaintiff could maintain the action without showing that the land either was in his own possession or was unoccupied, we think the judgment erroneous. It in effect adjudges that the plaintiff has a good title, when in fact he has only an invalid tax deed, which may ripen into a perfect title but which can be set aside upon a timely attack, leaving the holder with merely a lien for taxes paid. The plaintiff seeks to justify the judgment on the ground that the tax deed is good on its face and that Doty, having failed to prove title in himself, has no standing

to question it. The rule is well settled that one who has no interest in the property can not attack a tax deed. (*Ordway v. Cowles*, 45 Kan. 447; 37 Cyc. 1419.) But this refers to an attack by which affirmative relief is sought. Language has sometimes been used seemingly of a broader import, but we think that in each instance it was applied to one who was himself the moving party, seeking the annulment of the tax deed. The principle does not prevent one who stands wholly on the defensive from questioning the sufficiency of his adversary's title. "A person should have a reasonably clear title to maintain an action to have a cloud upon his title removed. He must proceed upon the strength of his own title and not the weakness of his adversary." (*Ordway v. Cowles*, 45 Kan. 447, 450.) Doty, having dismissed his cross-petition, is in the attitude of an ordinary defendant. If it were in fact definitely established that he had no title a different question might be presented. But the situation is exceptional. Although Doty came into the case voluntarily, his claim is based upon a deed, made after the action was begun, by the persons who may be the heirs of George Vaughn, if he is dead. As the heirs of George Vaughn are made defendants, Doty is in a sense a claimant under a conveyance made by two of the original defendants after the commencement of the action. He occupies the same position that Vaughn's sisters would if they had not conveyed to him and had appeared and resisted the judgment. It is true he has not proved that Vaughn is dead, but he is not seeking to litigate that question now. The matter is one obviously involved in considerable doubt and concerning which it might be difficult or impossible to show the true fact within any short period. We do not think the plaintiff should be able to convert a voidable tax deed, less than five years old, into an unassailable title against those who own the property if George Vaughn is dead, by calling upon them at once to prove that fact or relinquish their

claims.   The correctness of this view seems to be supported by the consideration that the plaintiff himself, as the statute enables him to do (Civ. Code, § 72, Gen. Stat. 1901, § 4506; see Code 1909, § 78), came into court asking relief in the alternative, against George Vaughn if he was living, and against his heirs if he was dead, thereby recognizing the question as a doubtful one.   In one aspect of his case he sought a judgment against the heirs, which would be binding upon Doty and deprive him of title to the property, if it should turn out that Vaughn was in fact dead, and had died later than his father, intestate and unmarried.   In view of these considerations, we conclude that Doty had a right to question the validity of the tax deed.   No substantial injustice can result from this view.   The plaintiff is deprived of nothing to which he is entitled. He still has his tax deed, which will become unassailable unless attacked in due time by one who can show an interest in the property.   If George Vaughn is alive, the plaintiff's title is already perfected by the judgment against him.   If he is dead, the plaintiff is not wronged by being denied a judgment against others on the theory that he is still living.

The cause is remanded, with directions to modify the judgment, either by dismissing the action as to Doty and his grantors, or by making the decree, so far as it relates to Doty, show the fact regarding the invalidity of the tax deed as a conveyance of title, the option to rest with the plaintiff.   Doty, of course, is not to be given a right to redeem or any affirmative relief.