CHARLES E. GIBSON, *Appellee*, v. CAROLINE McCLEES *et al., Appellants.*

No. 17,355.

### SYLLABUS BY THE COURT.

TAX SALE—*Voidable Tax Deed—Error in Redemption Notice.* The inclusion in a redemption notice of an amount in excess of the taxes charged, with interest calculated to the last day of redemption, renders the tax deed voidable and subject to be defeated if attacked in due time.

Appeal from Seward district court. Opinion filed January 6, 1912. Affirmed.

*F. S. Macy*, for the appellants; *H. V. Tucker*, of counsel.

*Thomas A. Scates*, and *Albert Watkins*, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to quiet the title of Chas. E. Gibson in a tract of land, as against Caroline McClees. Service on defendant was obtained by publication and, no defense being made, judgment by default was taken against her. Thereafter the judgment was set aside, on motion, as provided by section 83 of the civil code, and J. V. Lycan, who had acquired the interest of McClees, was substituted as defendant. In the petition Gibson alleged he held the patent title to the land, which was vacant and wholly unoccupied, and that defendants claimed an interest therein, the

nature of which was unknown to him. Lycan answered, claiming title under a tax deed issued to McClees in 1892, and that she had transferred her interest under it to him in 1908, and, further, that he had taken possession of the land in August, 1908, and had made improvements thereon. Gibson replied, alleging that the tax deed was invalid, because in the amount named in the redemption notice upon which the deed was based were included certain fees for advertising not lawfully chargeable. A trial resulted in a judgment for appellee Gibson.

The appellant insists that the petition of appellee was insufficient in that he failed to state the nature of appellant's claim of title or to show that it in fact constituted a cloud on appellee's title, or anything which called for the aid of a court of equity. If this be a defect, it was cured by the answer of appellant, who set out in his answer the source and nature of his claim of title. (*Casner v. Gahlman,* 60 Kan. 857, 56 Pac. 1131; *Harp v. Wilson,* 84 Kan. 45, 113 Pac. 309; *Brice v. Sayler,* 82 Kan. 500, 108 Pac. 815; *Parker v. Vaughn,* 85 Kan. 324, 116 Pac. 882.) The issue was sharply drawn by the pleadings; appellee basing his claim on the patent title; appellant claiming under a tax title; and appellee responding that the tax title, which was not five years old when the action was commenced, was invalid. As the pleadings stood, the objection to the introduction of any testimony was not good.

The regularity of the proceedings upon which the tax deed was founded remains. A sale was made in September, 1898, for the unpaid taxes of 1897, amounting to $6.36. A tax deed was executed in September, 1902, the consideration of which was the taxes for the years 1897 to and including 1901, the compromise order having been made on November 8, 1901. It appears that the sum stated in the redemption notice, as necessary to redeem, exceeded the taxes

charged, and interest calculated to the last day of redemption, against the land, as provided in section 9474 of the General Statutes of 1909. The excess, although not large, being forty cents for each of three years, is fatal to the deed when attacked in time. This excess, it seems, was charged on the theory that it was proper to include the printer's fees. The county treasurer testified that it had been the practice in that county to include these amounts in the redemption notice. These were not proper charges, and the inclusion in the redemption notice of an amount in excess of the taxes charged, and interest, makes the tax deed voidable when challenged within five years of the time the tax deed is recorded. (*Shinkle v. Meek,* 69 Kan. 368, 76 Pac. 837; *Casner v. Gahlman,* 6 Kan. App. 295, 51 Pac. 56.)

There is no force in the suggestion that the amount of taxes charged, and interest calculated to the last day of redemption, can not be determined because what was the last day of redemption was not shown. It was shown that there was a September sale in 1898. The law fixes the day of sale as the first Tuesday of that month, and, also, the expiration of the period of redemption, so that the amount necessary to redeem could be definitely ascertained.

The judgment is affirmed.