CLAUDE M. CAVE, *Appellee*, v. S. RINEHART et al., *Appellants*.

No. 17,588.

SYLLABUS BY THE COURT.

TAXATION—*Redemption Notice—Error in Amount Stated—Tax Deed*. While the statute was in force requiring that the notice of the expiration of the time allowed to redeem land sold for taxes should state the amount of *taxes and interest* computed to the time of redemption, a tax deed was voidable which was based upon a notice purporting to give the amount of taxes, *fees, charges* and interest, even although the amount named was in fact less than the taxes and interest.

Appeal from Haskell district court. Opinion filed May 11, 1912. Affirmed.

*William Easton Hutchison*, and *C. E. Vance*, for the appellants.

*R. W. Hoskinson*, and *Albert Hoskinson*, for the appellee.

The opinion of the court was delivered by

MASON, J.: A tax deed was issued and recorded. For more than five years thereafter the land remained unoccupied. Then the holder of a later tax deed took

6—87 KAN.

possession and held it for more than two years. Then ejectment was brought under the first tax deed, the second one being less than five years old. The plaintiff's tax deed was good upon its face, and in this situation was not open to attack for any latent defect. (*Cone v. Usher*, 86 Kan. 880, 122 Pac. 1049.) The defendants' tax deed, which was issued in 1903, upon a sale made in 1900, was also good upon its face, so that the only inquiry remaining is whether it was rendered invalid as a conveyance of title by certain facts that were admitted, including this:

In the redemption notice the amount named in connection with each tract was described as being "the amount of taxes *and fees, charges* and interest calculated to the last day of redemption." Under the statute as it then existed the notice should have stated "the amount of taxes, charges and interest calculated to the last day of redemption." (Gen. Stat. 1909, § 9474.) The inclusion of the other charges is sufficient to avoid the deed based upon such a notice. (*Casner v. Gahlman*, 6 Kan. App. 295, 51 Pac. 56, 60 Kan. 857, 56 Pac. 1131; *Shinkle v. Meek*, 69 Kan. 368, 76 Pac. 837; *Harp v. Wilson*, 84 Kan. 45, 113 Pac. 423.)

A peculiar feature of the present case is that while the notice purported to state the sum of all the charges against the land, the amount actually named was in fact less than the taxes and interest. In *Watkins v. Inge*, 24 Kan. 612, there was an intimation that an understatement in the redemption notice of the amount required to redeem would not vitiate a deed, because it could not mislead the owner to his prejudice. There the notice, published in November, 1876, relating to redemption from sales made under the former law in May, 1874, omitted the taxes of 1876 from the computation, the omission being expressly mentioned. The statute, enacted in March, 1876, forbade the holder of a tax-sale certificate to pay subsequent taxes until after December 21 of the year in which they accrued. (Laws

1876, ch. 34, § 123.)   So at the time that notice was published it could not be known whether the taxes of 1876 would be added to the amount required to redeem or not, and the course pursued seems the natural and proper one.   In *Long v. Wolf*, 25 Kan. 522, it was said that the Watkins-Inge case had gone to the extreme verge in holding a defective notice sufficient, and deserved to be limited rather than extended.   In no case has it been decided that an error in the amount named in the redemption notice is of no consequence unless there is an overstatement.   The understatement of the amount might in fact work serious prejudice to an owner.   Having provided himself with an amount which the published notice led him to believe sufficient to redeem, he might lose his land because unable, on the last day allowed him, to raise an additional amount which is necessary for the purpose, and of which he has had no notice.   The cases holding that a mistake in reciting the consideration of the tax deed is not fatal unless too large an amount is named (*Davis v. Harrington,* 35 Kan. 196, 10 Pac. 532), are not in point, for that recital is largely formal.   The redemption notice, being a part of the means provided by law for advising the landowner that his property is to be taken, is rightly subjected to a more exacting test.   Here the notice did not purport to give the exact information required by the statute, but substituted for it other information, not required.   This failure to comply with the law was not cured by the fact that through another error the amount actually named was less than it should have been on any theory.

The judgment is affirmed.