[No. 13526.   In Bank. — October 1, 1890.]

## JAMES LANDREGAN, RESPONDENT, *v.* JOSEPH PEPPIN, APPELLANT.

TAXATION — ASSESSMENT OF REAL PROPERTY — MISTAKE IN NAME OF OWNER — TAX DEED. — Under section 3628 of the Political Code as amended in 1880, no mistake in the name of the owner or supposed owner of real property can render the assessment thereof invalid; and the assessment to M. & Co. of real property standing in the name of M. is binding upon the property assessed, and a tax deed given upon the sale of the property for delinquent taxes is valid, and passes title to the land.

ID. — DISCRETIONARY POWER OF ASSESSOR. — Under that section, the ascertainment of the name of the owner of real property is a matter with respect to which the assessor has discretionary power, and his judgment or conclusion in regard to it is final, so far as the validity of the tax is concerned.

ID. — NOTICE TO REDEEM — REVIEW UPON APPEAL — ERROR AGAINST RESPONDENT — EXCLUDED EVIDENCE. — The sufficiency of a notice to redeem, under section 3785 of the Political Code, which was offered in evidence by the respondent and excluded by the trial court as insufficient, will not be inquired into upon an appeal by the opposite party, as the appeal does not bring the excluded evidence before the appellate court.

ID. — RECITAL OF NOTICE IN DEED — DISCREPANCY IN AMOUNT OF TAXES — VALIDITY OF TAX DEED. — A tax deed to land conveys no title where it affirmatively appears therefrom that the notice from the purchaser to the owner required by section 3785 of the Political Code (as

amended March 12, 1885) notified the owner that the land had been sold for a smaller amount of money than it actually was sold for.

ID. — COMPUTATION OF TIME — INSUFFICIENT TIME FOR REDEMPTION. — Under section 12 of the Code of Civil Procedure, providing that in the computation of time in which an act provided by law is to be done, the first day is excluded and the last included, a tax deed showing that the notice to redeem was served on the twenty-fifth day of July, 1888, and fixing August 23, 1888, as the time when the purchaser would apply to the tax collector for a deed, is invalid as giving only twenty-nine days' notice previous to the expiration of the time for redemption, instead of the thirty days required by section 3785 of the Political Code.

ID. — CONSTRUCTION OF RECITAL — TIME OF NOTICE OF REDEMPTION. — A recital in the tax deed that the date of service of the notice of redemption was the twenty-fifth day of July, 1888, and that the time specified therein for the redemption of the land sold for taxes, and when the purchaser would apply for his tax deed, was the twenty-third day of August, 1888, will control the recital that the thirty days' notice was given as required by section 3785 of the Political Code.

APPEAL from a judgment of the Superior Court of Plumas County, and from an order denying a new trial.

The facts are stated in the opinion.

*Goodwin & Goodwin,* for Appellant.

*Edward C. Robinson,* and *W. W. Kellogg,* for Respondent.

FOOTE, C. — This action is brought to quiet title to a certain piece of land in Plumas County. The court below rendered judgment as prayed for, from which, and an order refusing a new trial, the defendant takes this appeal. From the record it appears that in the year 1881 William Minto obtained the land by deed of conveyance from one Ward; that Minto afterwards, in January, 1886, made a deed of it to certain parties, which conveyance was not placed upon record until September, 1886. Through mesne conveyances from these parties the plaintiff claimed title. Since about March, 1887, the defendant has been in possession of the property in dispute. The state and county taxes on it for the year 1886 were assessed to William Minto & Co. The taxes

becoming delinquent, the property was sold in February, 1887, to satisfy the same. At that sale one Hall became the purchaser, and he assigned his certificate of purchase to the defendant. In August, 1888, the latter obtained a deed to the premises from the tax collecter, through which the defendant claims to be the owner of the land. Upon the validity of this tax deed to pass title to the land, this controversy depends.

It does not satisfactorily appear from the record upon what precise ground the trial court deemed the deed invalid. The respondent contends that it is so upon several grounds. His first position is, that the assessment to William Minto & Co. is void as respects the real property, which then appeared upon the record as that of William Minto. The decisions which he cites in support of his position were made prior to the amendment of 1880 to section 3628 of the Political Code. To that section, as amended, construction was given by the appellate court in *Lake Co.* v. *Mining Co.*, 66 Cal. 19, where it is said: "The assessment put in evidence shows property assessed to 'Sulphur Banks Q. S. M. Co.' Section 3628 of the Political Code provides: 'No mistake in the name of the owner or supposed owner of real property shall render the assessment thereof invalid.' There is nothing in the language of the section to indicate that the clause quoted can be given effect only when an attempt is made to enforce the lien for the tax. The effect of the clause in section 3628 is but to give a more enlarged operation to a rule already established. Prior to the adoption of that clause it has been frequently held that a defendant sued for a tax assessed to 'unknown' owners could not be permitted to prove that the assessor might, with more diligence, have ascertained the real owner of the property. On behalf of the defendant in those cases, it was urged that unless inquiry was permitted, with respect to care and diligence of the assessor, that officer would have it in his power entirely to neglect

his duty, and to assess to unknown owners property the ownership of which he should use no effort to ascertain, or which he might even know to belong to a particular person.   So here, it is said that if he is allowed to assess the property to a person other than the real owner, he may abuse the power.   But the ascertainment of the name of the owner is a matter with respect to which the assessor has discretionary power, and his judgment or conclusion in regard to it is final, so far as the validity of the tax is concerned.   In the case before us the defendant was sued as the owner of the property assessed to the 'Sulphur Banks Q. S. M. Co.'   If the defendant is not the owner of such property, it had full opportunity to establish that fact; but it is not a defense to the payment of the taxes upon the real estate that the assessor mistook the name of the owner of it."   The assessment here was therefore. binding upon the property, and, so far as it goes, the deed was valid.

But it is further claimed that the notice to redeem, prescribed by section 3785 of the Political Code, which was offered in evidence and excluded, was insufficient. With that matter, upon this appeal, we have no concern. The appellant here is not complaining. of any error of the trial court when it excluded the evidence offered upon that point by the respondent.   The evidence is not, therefore, before us.

From the tax deed, which was in evidence as the basis of defendant's title, it appears that, at the sale of the land for taxes, the amount due therefor was the sum of $49.64, and that Hall, the purchaser, bid that sum for it; that it was sold to him for that amount, which he paid, and that he therefore became the purchaser thereof. But it is further stated in the deed that in the notice to redeem, which Peppin, the assignee of the certificate of sale, served upon William Minto & Co., those to whom the assessment was made, the land was sold for $45.90, and that such amount was due thereon for delinquent

taxes. Thus the amount mentioned in the deed for which the land was sold for taxes differs from the sum mentioned in the notice to redeem, in that the latter amount is less than the former by $3.74. Section 3785 of the Political Code (as amended March 12, 1885) provides, among other things, that, prior to his obtaining a deed to the land he has purchased at delinquent tax sale, the purchaser thereof "must, thirty days previous to the expiration of the time for the redemption, or thirty days before he applies for a deed, serve upon the owner of the property purchased, or upon the person occupying the property, if said property is occupied, a written notice stating that said property or a portion thereof has been sold for delinquent taxes, giving the date of the sale, the amount of property sold, the amount for which it was sold, the amount then due, and the time when the right of redemption will expire, or when the purchaser will apply for a deed, and the owner of said property shall have the right of redemption indefinitely, until such notice shall have been given, and said deed applied for, upon the payment of the fees, percentage, penalties, and costs required by law." Since it appears affirmatively from the deed itself that the notice thus required did not contain the amount for which the land was sold for taxes, but notified the owner of the land that it had been sold for a different amount of money, it would seem as if the purchaser was not entitled to have the deed made to him, and that it conveys no title to the land in dispute.

The recitals of the deed further show that the notice to redeem was served on the twenty-fifth day of July, 1888, and that it fixed August 23, 1888, as the time when the purchaser would apply to the tax collector for a deed. This was giving the notice only twenty-nine days "previous to the expiration of the time for the redemption," at which time the application for a deed was to be made, under the rule declared in section 12 of the Code of Civil Procedure, which in the computation of time in which

an act provided by law is to be done, excludes the first day and includes the last. (*Misch* v. *Mayhew*, 51 Cal. 516.)

The law requires that such notice must be served "thirty days previous to the expiration of the time for the redemption, or thirty days before he [the purchaser] applies for a deed." (Pol. Code, sec. 3785.) It is true that one of the recitals of the deed is that this thirty-day notice was given, but in the same sentence in which that occurs, it is further stated that the date of service was the twenty-fifth day of July, 1888, and that the time for the redemption of the land sold for taxes, and when the purchaser would apply for his tax-deed, was the 23d of August, 1888, so that, taking the whole sentence together, it appears beyond dispute that the first recital, as to thirty days' notice having been given, is not true. For this reason, also, the purchaser was not entitled to a deed, and that which he obtained is invalid. We therefore advise that the judgment and order be affirmed.

BELCHER, C. C., and GIBSON, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

WORKS, J., dissented.