[Sac. No. 844.   Department Two. — November 27, 1901.]

MARTIN WALSH et al., Respondents, v. J. P. BURKE et al., Appellants. ·

TAX DEED — INSUFFICIENT NOTICE TO REDEEM. — A tax deed cannot be sustained where it appears that the property was unoccupied, and that. the notice to redeem was posted on the premises too late to bring it within the period of thirty days next previous to the expiration of the time for redemption, and that the notice was not published in every issue of a newspaper published during said period, nor during the period of thirty days next before the purchaser applied for a deed, as required by law.

ID. — AFFIDAVIT OF PURCHASER — REBUTTAL — SUPPORT OF FINDING. — Though the affidavit of the purchaser established the fact *prima facie* of a publication in the first paper published after the posting of the notice, evidence in rebuttal thereof is admissible; and the testimony of a witness, that he made a close examination of the newspaper of that date, and that the notice was not published therein, is sufficient to sustain a finding that there was an issue of the paper published on that day, and that the notice was not published therein.

ID. — ISSUE OF PAPER NEXT PRIOR TO TAX DEED — UNSUPPORTED FINDING — ABSENCE OF PROOF — CLAIMANT UNDER DEED NOT INJURED. — One who claims under the tax deed is not injured by an unsupported finding that there was a regular issue of the paper on July 4th, next prior to the tax deed dated July 11th, and that the notice of redemption was not published therein, where such claimant failed to prove either a publication of the notice on that date, or that there was no issue of the paper thereon.

ID. — BURDEN OF PROOF UPON CLAIMANT UNDER DEED — FINDING IN ABSENCE OF PROOF. — The burden of proof is upon the claimant under the tax deed to show a compliance with the statute as to the notice of redemption; and where there is an entire absence of proof in relation to the last publication required by the law to support the deed, it is the duty of the court to find against him on that fact; and the absence of proof in such case does not make the finding against evidence.

APPEAL from a judgment of the Superior Court of Placer County and from an order denying a new trial.   J. E. Prewett, Judge.

The facts are stated in the opinion.

Jackson Hatch, for Appellants.

F. P. Tuttle, for Respondents.

CHIPMAN, C. — Action to quiet title to certain land. Defendant Burke disclaimed all interest in the property. Defendant Henry filed a separate answer, deraigning title through one Dependener, to whom the land was sold for non-payment of delinquent taxes assessed for the year 1892–93. Plaintiff had judgment, from which and from the order denying his motion for a new trial Henry appeals.

The court made the following findings: That the land in question was patented to the Central Pacific Railroad Company, and this company conveyed the land to Mary E. Walsh, who conveyed it to plaintiffs; the land was assessed for state and county taxes for the fiscal year 1892–93 to Mary Walsh, and became delinquent on June 26, 1893; the land was sold by the tax-collector, and was purchased by one Dependener on that day, and a certificate of tax sale was issued to him in the form required by law, "except that the same recited that the said property was assessed to Mary Walsh"; in May, 1894, the property was unoccupied, and the said Mary Walsh could not be found, and on May 29, 1894, Dependener issued a notice directed to Mary Walsh; this notice was in due form, described the property, stated that it had been sold for delinquent taxes, and gave the date of sale and the amount of the taxes, and that the right to redeem would expire on June 29, 1894, and that a deed would be demanded as soon as the right of redemption expires; the notice was posted in a conspicuous place on the land, on May 29, 1894; the Newcastle News was at all the times mentioned a weekly newspaper of general circulation, ai d published on Wednesday of each and every week; that said notice was published therein for the first time on June 6, 1894, and thereafter in the issues of said paper dated June 13, 20, and 27, 1894, but was not published on May 30, and was not published on July 4, 1894; "that there was a regular issue of said paper on May 30 and July 4, 1894"; on May 3, 1894, a copy of said notice was filed in the recorder's office; on July 11, 1894, the tax-collector executed to Dependener a tax deed for said property.

Respondents concede that appellant has in his brief successfully met all their objections to the tax sale made in the court below, except one point, on which they now rely, — namely, that there was no publication of the notice to redeem, as required by law. Section 3785 of the Political Code, as amended in 1891 (Stats. 1891, p. 134), provides as follows: That the

purchaser of property sold for delinquent taxes shall give a certain notice (stating what it shall contain, etc.) in case the property is occupied. "In the case of unoccupied property [which is this case], if the owner cannot be found, a similar conspicuous notice shall be posted, and kept posted, in a conspicuous place upon the property, during not less than thirty (30) days next before the expiration of the time for the redemption, or thereafter, next before the purchaser applies for a deed, which notice must also be published during the same period in a newspaper of general circulation, published in the county nearest the property, in every regular issue of such newspaper during the said period; and no deed of property sold at a delinquent tax sale shall be issued by the tax-collector, or any officer, to the purchaser of said property, until the notice herein provided shall have been given, and such purchaser shall have filed with such tax-collector, or other officer, an affidavit showing that the notice hereinbefore required to be given has been given as required, and that due diligence has been used to notify the owner personally, which said affidavit shall be filed and preserved by the tax-collector as other files," etc.

Defendant's affidavit contained, among other statements, the following: That said notice (referring to the notice required to be posted) was kept posted in a conspicuous place upon said property during a period of not less than thirty days next before the application for a deed by said purchaser; "that said notice was also published during the same period in the Newcastle News, . . . and said notice was published in every regular issue of said newspaper during said period." J. S. Taylor, publisher of said newspaper, made proof of publication by affidavit, that said newspaper was a weekly newspaper, published on Wednesday of each week; "that the notice to redeem, hereto attached and made part hereof, was printed and published in said newspaper four consecutive weeks commencing in the issue dated on the sixth day of June and ending with the issue dated June 27, 1894; that said notice was published in the regular and entire issue of every number of said newspaper during the period and times of publication, in the newspaper proper, and not in a supplement thereto."

F. P. Tuttle, witness for plaintiff, in rebuttal, testified that, three years before this trial, he made an examination at Newcastle of the original files of the Newcastle News, in the course

of an examination into the title of the property in question; that he "made a close examination of the issue of May 30, 1894, and this publication did not appear in that issue." The foregoing is all the evidence as to publication. On this evidence the court made its findings that there was a regular issue of the paper on May 30 and July 4, 1894, and that the notice was not published in either of said issues. These findings are challenged as unsupported by the evidence. The affidavit of the purchaser established the fact *prima facie*, that publication was made on May 30th. But we think it was rebutted by the evidence of Mr. Tuttle as to the issue of May 30th, and that such rebutting evidence was admissible in this action. It is true, he does not testify distinctly that there was an issue of the paper published on that day, but he testified that he "made a close examination of the issue of May 30th," which he could not have done if he had not had it before him. I think the court was warranted in finding that there was an issue of the paper published on that day, and as there was evidence that the notice was not published in that issue, the finding is supported.

As to the finding that there was an issue of the paper published on July 4th, and that the notice was not published therein, the evidence is not so satisfactory. But it is clear that there is no evidence that the notice was published on July 4th, nor is such publication excused by showing that the paper was not issued on that day. The purchaser's affidavit was made on June 30th, and his statement therein that the notice was published in every regular issue of the paper during the thirty days before the deed issued is not evidence of what happened after June 30th, because he could not on June 30th know that the notice was published on July 4th, and his statement of such fact cannot be considered. The publisher's affidavit states the dates on which the notice was published, and the latest was on June 27th. It therefore does not prove any publication later, but rather leaves the inference that there was no later publication than June 27th. The recitals in the deed do not aid us, for there the latest publication mentioned is June 27th. There is, then, no evidence that the notice was published on July 4th. It was incumbent on defendant to show this fact affirmatively, or to show that there was no issue of the paper on that day. He has done neither, and as it was easily within his power to have made the proof, it is fair to assume that he

could not.   The time for redemption expired June 26, 1894. The notice was not posted until May 29th,—manifestly too late to bring it within "thirty days previous to the expiration of the time for the redemption."   But the statute also requires the notice to be published "thirty days . . . next before the purchaser applies for a deed."   Assuming that he may start this latter notice before redemption has expired, the notice must be published "in every regular issue of such newspaper during the said period."   The deed is dated July 11, 1894, and the notice, therefore, to comply with the statute, must have been published July 4th, even if it be conceded that publication on May 30th was unnecessary.

Defendant was not injured by the unsupported finding that there was a regular issue of the newspaper on July 4th, and that the notice was not published therein.   The burden being on defendant to show that he had complied with the statute, and having failed to do so, the court was justified in finding the fact against him.   No other finding was possible under the circumstances.   It is not the case of a finding against the evidence. Where a fact is in issue, and the party on whom rests the burden to prove it fails to introduce any evidence in support of the issue, it is the duty of the court to find against him on such fact.

The judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          McFarland, J., Temple, J., Henshaw, J.