[Civ. No. 610.    Second Appellate District.—March 17, 1909.]

## W. B. WETHERBEE, Respondent, v. GEORGE W. JOHN-STON, Appellant.

TAXATION—INVALID DEED TO STATE—ABSENCE OF NOTICE OF REDEMPTION TO OWNER—REQUIREMENT APPLICABLE TO STATE.—While section 3785 of the Political Code required thirty days' notice to the owner to redeem before the execution of a deed, it applied to a sale for taxes made for the year 1887 to the state, and such notice of redemption was required before a deed could be executed to the state; and if no such notice was given, the deed to the state was void, and passed no title to the state or to anyone claiming under it.

ID.—CONSTRUCTION OF CODE—CONCLUSIVENESS OF DEED—REQUIREMENT OF NOTICE UNAFFECTED.—The provision of section 3787 of the Political Code, making the deed conclusive evidence of the regularity of certain proceedings, does not apply to or affect the requirement of notice to the owner.

ID.—RIGHT OF REDEMPTION FROM TAX SALE GOVERNED BY LAW THEN IN FORCE.—The right of redemption from a tax sale is governed by the law in force at the time of the sale, and cannot be affected by subsequent legislation.

ID.—AMENDMENT TO CODE NOT RETROACTIVE.—The amendment to section 3785 of the Political Code, dispensing with notice of redemption to the owner, was not retroactive, and could not be made so.

ID.—CURATIVE ACT INAPPLICABLE.—The curative act of 1903 has no application to cure a void deed to the state for want of the notice required in this case to make it valid.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, for Appellant.

John N. Anderson, and Victor Montgomery, for Respondent.

TAGGART, J.—Action to quiet title. Judgment for plaintiff, and defendant appeals from judgment and order denying his motion for a new trial.

The court finds plaintiff's title to rest upon a deed from the state made by the tax collector of Orange county, on

July 24, 1905; that the lot in question was sold to the state
on March 13, 1888, for delinquent taxes for the year 1887
upon an assessment made in the name of Fred Ruchman, and
a deed to the state was made March 20, 1887. (This is evi-
dently intended to be 1896, the date appearing in the deed
introduced in evidence.) That defendant is the grantee by
regular mesne conveyances of the title of Fritz Ruhman to
the property.

Appellant presents three reasons for the reversal of the
judgment: (1) That there was no showing that the notice of
thirty days of the expiration of the time for redemption or
intention to apply for a deed was given by the state, or any-
one on its behalf, before the making of the deed to the state,
as required by section 3785 of the Political Code at the time
the sale was made; (2) That the description of the property
in the tax proceedings was insufficient; and (3) That, al-
though the lot in question, by virtue of the creation of Orange
county in 1889, is now located in that county, the taxes for
1887 were levied and the sale of the lot made and the deed
therefor executed to the state by the tax collector of the
county of Los Angeles, and that the right of redemption was
to be exercised in Los Angeles and not Orange county, and
defendant attempted to redeem the same from the sale to the
state through the county auditor of Los Angeles county on
February 26, 1907.

It will not be necessary to consider the last two points, as
it is apparent that the first is determinative of the case. It
appears from the statement of the case in the transcript that
"no evidence was offered upon the trial of the giving, or ser-
vice of any notice to redeem any property from the said or
any purported tax sale." With such a record there is no
room for an appellate court to presume in support of a find-
ing, silent on the subject, that such notice was regularly given.
It has frequently been held that where an individual pur-
chased property at a tax sale while section 3785 of the Politi-
cal Code required the thirty days' notice to be given a deed
taken without doing so was void. The provision of section
3787, making the deed conclusive evidence of the regularity
of certain proceedings, was held not to apply to the giving
of this notice, in *Miller* v. *Miller,* 96 Cal. 379, [31 Am. St.

Rep. 229, 31 Pac. 247]. (*Reed* v. *Lyon,* 96 Cal. 501, [31 Pac. 619] ; *Walsh* v. *Burke,* 134 Cal. 594, [66 Pac. 866].)

The argument of respondent based upon reasons why the state should not be considered as a purchaser in the same sense as an individual finds complete answer in the opinion in the case of *Johnson* v. *Taylor,* 150 Cal. 201, [119 Am. St. Rep. 181, 88 Pac. 903], where it is said, citing the foregoing and other cases: "As the law then stood a deed could not be issued to the purchaser without the giving of the notice required by section 3785, and one relying on a tax deed was bound to establish the giving of such notice as a part of his proof of title. Furthermore, this court has held in *San Francisco etc.* v. *Banbury,* 106 Cal. 130, [39 Pac. 439], that the requirement of giving notice applied as well to the state as to a private purchaser." In that case it was also held that the amendment of section 3785 was not retroactive. That the right of redemption from a tax sale must be governed by the law in force at the time of the sale and cannot be affected by subsequent legislation, and that the owner of property sold for taxes may invoke this rule against the state the same as any other purchaser.

The curative act of 1903, which was considered in *Chase* v. *Trout,* 146 Cal. 350, [80 Pac. 81], and applied in *Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352], has no application to the omission or defect here under consideration, and we find nothing in the other cases cited by respondent in conflict with the foregoing views.

It is apparent, therefore, that the title of plaintiff failed for lack of proof of notice under section 3785 of the Political Code, and the decree of the superior court quieting his title should be reversed and cause remanded.

Judgment and order reversed.

Allen, P. J., and Shaw, J., concurred.