No. 21,105.

NINA W. JONES, *Appellee,* v. R. S. HARPER, IDA M. HARPER,
and JOE R. SMITH, *Appellants.*

### SYLLABUS BY THE COURT.

TAXATION—*Defective Notice of Redemption—Voidable Tax Deed.* In the
statutory notice that tax deeds will be issued on a date named, upon
sales of three years before, unless the land is sooner redeemed, the
statement of the amount of "taxes, charges and interest calculated to
the last day of redemption" should not include the delinquent tax of
the year preceding such notice, where the land was bid in for the
county, and the certificate has not been assigned. A tax deed based
upon a notice in which such charge is included is properly set aside
on that ground when attacked within five years.

Appeal from Gray district court; LITTLETON M. DAY, judge.
Opinion filed March 9, 1918. Affirmed.

*John Harper,* of Cimarron, *Albert Watkins,* and *Arthur C.
Scates,* both of Dodge City, for the appellants.

*Harry Brice,* and *J. E. Mulligan,* both of Cimarron, for the
appellee.

The opinion of the court was delivered by

MASON, J.: The plaintiff in ejectment recovered a judg-
ment, and the defendant appeals. The defendant claims under
a tax deed less than five years old. The trial court held that it
was voidable, because the amount required to redeem was over-
stated in the notice of the conveyance of unredeemed lands.
The case turns upon the correctness of this ruling.

The land was offered for sale for the delinquent tax of 1910,
on September 5, 1911, and bid off for the county. The certifi-
cate was not assigned until September 7, 1914. On April 2,
1914, the statutory notice was published, stating that unless
the land was redeemed on or before September 7, 1914, a tax
deed would be issued. (It would seem that the date named
should have been September 5, but this does not affect the de-
termination of the case in any way.) The statute required the
notice to show "the amount of taxes, charges and interest cal-
culated to the last day of redemption." (Gen. Stat. 1915,
§ 11446.) In arriving at this amount the treasurer included

the tax of 1913, which had not been paid, together with the penalty which had accrued in December, and one which was to accrue in June, and the costs of advertising a sale in September, 1914. In support of the correctness of this practice it is argued that the purpose of the notice is to advise the owner of the precise sum he would be required to pay in order to redeem upon the last available day—September 7, 1914. It is true that, as it turned out, if the owner had attempted to redeem at that time he would have been required to pay the tax of 1913 (together with the June penalty, and the costs of advertising the land for sale in September, 1914), because on that day, not having been paid, it was properly added to the lien evidenced by the certificate. (Gen. Stat. 1915, § 11426.) It is also true that on the date of the first publication of the redemption notice (April 2, 1914) the tax of 1913 was in a sense due and was a lien on the land, because under the statute that condition arose on November 1. (Gen. Stat. 1915, § 11348.) Moreover, the failure to pay half of the 1913 tax on December 20 rendered the whole of it subject to be "collected as provided by law." (Gen. Stat. 1915, § 11396.) But it could not have been known on April 2 that an additional penalty was to accrue in June, for the owner might have chosen to escape it by paying the tax; and it could not have been known that the payment of the 1913 tax would be necessary to a redemption made on September 7. Apart from the possibility of the tax being paid, an assignment of the certificate might have been made to an individual between April 2 and September 7; in that case the payment of the 1913 tax would not have been required of the assignee (*Gibson v. Trisler,* 73 Kan. 397, 85 Pac. 413), nor of any one who redeemed after such assignment, unless in the meantime the holder of the certificate had paid it and caused it to be indorsed thereon. (Gen. Stat. 1915, § 11437.) Inasmuch as the tax-sale certificate was still owned by the county, the statute required four weeks' notice to be given that on the first Tuesday of September, 1914 (September 1), the land would be sold for the tax of 1913; but when that time arrived, the certificate not having been assigned, instead of a new sale being made, the amount of the 1913 tax was added to the amount of the lien represented by the certificate of the first sale. (Gen. Stat. 1915, § 11426.) By the express terms of

the statute the land was subject to sale for the tax of 1913 only in case it was not paid by June 20, 1914. (Gen. Stat. 1915, § 11408.) While the tax of 1913 was in a sense delinquent when the redemption notice was made out, in April, 1914, it had not become a charge in connection with the sale made in 1911—it had not been added to the amount required to redeem from that sale, nor could it then have been known that it ever would become a part of that amount. The machinery had not yet been set in motion for the enforcement of the tax of 1913 —for the sale of the land for its payment, or for adding its amount to the sum for which the first sale was made. In 1914, the first Tuesday of September (the day of the tax sale) happened to come on the first day of the month, so that in this instance the time for the charging of the tax of 1913 to the sale of 1911 arrived before the period allowed for redemption had expired. But a tax sale made on the first Tuesday of September in 1912 (September 3) would have been ripe for a deed on September 4, 1915, and the 1914 tax could not have been added to the amount due under the sale until September 7. It is therefore clear that the notice published in April, 1915, could not include the tax of 1914 as a part of the amount required to redeem from the sale of 1912. An interpretation that would result in the delinquent tax of the prior year being sometimes included and sometimes excluded, according to the day of the month on which the tax sale happens to fall, is not one to be favored. We conclude that the tax of 1913 should not have been included in the amount stated in the redemption notice.

The overstatement of the amount required by the statute is a ground for setting aside the deed. (*Shinkle v. Meek,* 69 Kan. 368, 76 Pac. 837.) In *Watkins v. Inge,* 24 Kan. 612, a tax deed was upheld in which the unpaid tax of the preceding year was not included in the amount named in the redemption notice. In behalf of the appellant it is suggested that the opinion contains an intimation that the notice was defective in this regard, but that the defect was not sufficient to avoid the deed. There the court merely passed on what was before it, but determined that the deed was valid, even assuming that the tax of the preceding year should have been shown.

The judgment is affirmed.