HARRINGTON, ADMINISTRATRIX, APPELLANT, *v.* McLEAN, RESPONDENT.

(No. 5,412.)

(Submitted February 9, 1924. Decided February 28, 1924.)

[223 Pac. 912.]

*Real Property—Tax Deeds—Invalidity—Mortgages—Failure of Mortgagor to Pay Taxes—Effect of Purchase of Property by Mortgagor at Tax Sale—Fraud—Complaint—Sufficiency.*

Real Property—Tax Sales—Application for Deed—Notice Required.
  1.  The provision of section 2209, Revised Codes of 1921, requiring the purchaser of property sold for delinquent taxes to serve upon the owner or occupant thereof the written notice specified therein, thirty days before applying for the deed, is as binding upon a county as it is upon an individual.

Same—Application for Tax Deed—Affidavit—Statute—Strict Compliance Necessary.
  2.  The affidavit required by section 2212, Revised Codes, to be filed by a purchaser of property at a delinquent tax sale who asks for a tax deed must be in strict compliance with the statute, and must *inter alia* show whether the property was occupied or not, and if occupied, that the person upon whom the notice was served was at the time occupying it.

Same—Tax Title Proceedings—Sufficiency—From What to be Determined
  3.  In determining the sufficiency of tax title proceedings, the records alone can be considered, and defects or omissions may not be corrected or supplied by anything *dehors* the record.

Same—Tax Deed—Fatally Defective Affidavit—Invalidity of Deed.
  4.  Where the affidavit of a purchaser of real property at a delinquent tax sale, upon asking for a deed, recited that the property

was occupied, but failed to state by whom or that the notice required by section 2209, Revised Codes, had been served upon such occupant, the deed issued thereon was void.

Same—Mortgages—Failure of Mortgagor to Pay Taxes—Effect of Mortgagor Buying Property at Tax Sale.

5. Where a mortgagor of lands agreed to pay the taxes but failed to do so and permitted them to be sold for delinquent taxes, his son, acting for him, becoming the purchaser, the purchase price paid ($27.10) was in legal effect no more than payment of the taxes, and the purchaser's claim that he acquired the property freed from the mortgage lien had no merit.

Same—Mortgagor Buying Property Mortgage at Tax Sale—Fraud—Complaint—Sufficiency.

6. Complaint alleging in substance that defendant, purchaser of real estate at a tax sale, had conspired with his father, the owner and mortgagor thereof, who had agreed to pay the taxes thereon, to permit the premises to be sold for taxes, the son buying them in, *etc.*, held sufficient to state a cause of action for fraud in a suit by the administratrix of the mortgagee, a sale under such conditions not passing title freed from the mortgage lien whether the proceedings leading up to the sale were valid or not.

*Appeal from District Court, Jefferson County; Jos. C. Smith Judge.*

ACTION by Julia Harrington, as administratrix of the estate of Frederick Root, deceased, against Elmer McLean. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*Mr. W. D. Kyle,* for Appellant, submitted a brief.

Strict compliance with the law is essential to the validity of tax title proceedings. (*Rush* v. *Lewis and Clark County,* 36 Mont. 566, 93 Pac. 943; *Martin* v. *Barbour,* 140 U. S. 634, 35 L. Ed. 546, 11 Sup. Ct. Rep. 944 [see, also, Rose's U. S. Notes]; *Schaefer* v. *Dinwiddie,* 44 Cal. App. 405, 186 Pac. 617.)

The necessity of giving notice of application for a tax deed applies to the county as well as an individual. (*Wetherbee* v. *Johnston,* 10 Cal. App. 264, 101 Pac. 802.)

The treasurer in this instance in issuing the deed to Jefferson county did so on an affidavit, which on its face showed that the land was occupied but by whom nowhere therein appears; that W. W. McLean was one of the owners but to whom

notice by registered letter was not given, and that no mention was made therein of the amount of property sold, the amount for which it was sold, the amount due and the time when the right of redemption would expire, or when the purchaser would apply for deed. Such an affidavit was wholly insufficient to warrant the treasurer in executing a deed to the county and was of no more effect than if it had never been made or filed. (*Cullen* v. *Western etc. Co.,* 47 Mont. 513, 134 Pac. 302; *Sanford* v. *Edwards,* 19 Mont. 56, 61 Am. St. Rep. 482, 47 Pac. 212; *Dawson* v. *Anderson,* 38 Okl. 167, 132 Pac. 666; *Sprott* v. *Sprott,* 110 S. C. 438, 96 S. E. 617, 620; *Union Sav. Assn.* v. *Cummins,* 78 Okl. 265, 190 Pac. 869.)

In determining the sufficiency of tax title proceedings, the records alone can be considered and defects or omissions may not be corrected or supplied by anything *dehors* the record. (*Martin* v. *Barbour,* 140 U. S. 634, 35 L. Ed. 546, 11 Sup. Ct. Rep. 944 [see, also, Rose's U. S. Notes]; *Pace* v. *Wright,* 25 N. M. 276, 181 Pac. 430; *Lowenstein* v. *Sexton,* 18 Okl. 322, 90 Pac. 410; *Henderson* v. *Ward,* 21 Cal. App. 520, 132 Pac. 470.)

On this record it is an admitted fact that the respondent, in purchasing the land from the county, was acting for his father, W. W. McLean, the mortgagor in plaintiff's mortgage, and who therein bound himself to pay the taxes on said land. In legal effect, therefore, in buying the property from the county he was only discharging an obligation which he owed to the state and the plaintiff, and it cannot therefore be recognized that he acquired the property freed from the mortgage lien which he himself created thereon. (Cooley on Taxation, 3d ed., secs. 963–965; *Word* v. *Moore,* 66 Mont. 550, 214 Pac. 79, 81; *Zuege* v. *Nebraska Mortgage Co.,* 92 Kan. 272, Ann. Cas. 1916B, 865, 52 L. R. A. (n. s.) 877, 140 Pac. 855; *Cones* v. *Gibson,* 77 Kan. 425, 16 L. R. A. (n. s.) 121, 94 Pac. 998; *Mendenhall* v. *Hall,* 134 U. S. 559, 33 L. Ed. 1012, 10 Sup. Ct. Rep. 616 [see, also, Rose's U. S. Notes]; *Barnard* v. *Wilson,* 74 Cal. 512, 16 Pac. 307; *Gibson* v. *Gilman,* 71 Kan. 320, 80 Pac. 587; *Harris* v. *Mason,* 120 Tenn. 668, 25 L. R. A. (n. s.)

1011, 116 S. W. 1146; *Kirlick* v. *Interstate etc. Assn.,* 113 Fed. 290, 51 C. C. A. 318; *Union Sav. Assn.* v. *Cummins,* 78 Okl. 265, 190 Pac. 869.) And this is true even if the county had acquired a good title so far as the mortgagor, W. W. McLean, was concerned. (*Barnard* v. *Wilson,* 74 Cal. 512, 16 Pac. 307; *Harris* v. *Mason,* 120 Tenn. 668, 25 L. R. A. (n. s.) 1011, 116 S. W. 1146; *Gibson* v. *Gilman,* 71 Kan. 320, 80 Pac. 587; notes in 16 L. R. A. (n. s.) 121; 52 L. R. A. (n. s.) 877.)

No appearance by Respondent.

MR. JUSTICE STARK delivered the opinion of the court.

The plaintiff, as administratrix of the estate of Frederick Root, deceased, brought this action to have declared null and void a tax deed issued to Jefferson county on May 16, 1921, the land covered by which had been conveyed by said county to the defendant on December 6, 1921, or, in the event that said deed should be upheld, to have it decreed that the defendant acquired no title in said property which is of any force or effect against the plaintiff's mortgage interest therein.

The plaintiff's second amended complaint, which will be hereafter referred to as the complaint, alleges these facts: On August 14, 1916, W. W. McLean executed and delivered to Frederick Root a note for $2,400, due on November 21, 1920, and to secure its payment mortgaged to said Root the north half of the southeast quarter of section 21, the southwest quarter of the northwest quarter and the northwest quarter of the southwest quarter of section 22, all in township 1 north of range 6 west, M. P. M. Both Root and McLean believed said land was located in Silver Bow county, and Root caused the mortgage to be recorded in the office of the clerk and recorder of that county; in fact, the land was located in Jefferson county. The mortgage contained the usual provision that the mortgagor should pay taxes on the mortgaged premises. The taxes on said property for the year 1917 were duly assessed at $14.30, but were not paid, and on January 22, 1918, the land was sold for these delinquent taxes, being bid

in by the county and a certificate of sale issued to it. The land was not redeemed from this tax sale, and on May 16, 1921, the treasurer of Jefferson county executed a deed to Jefferson county, purporting to convey the land in question to it. On October 5, 1921, the board of county commissioners of Jefferson county, by an order entered upon its minutes, directed said property to be sold at public auction by the sheriff of the county, and on November 15, 1921, acting on that authority, the sheriff sold the property to the defendant Elmer McLean for $27.10, and on December 6, 1921, a quitclaim deed therefor was executed and delivered to said defendant by the county, which was thereafter on March 6, 1922, recorded in the office of the clerk and recorder.

A copy of the mortgage and also copies of the various proceedings leading up to the execution of the tax deed and the conveyance of the land to the defendant are attached to and made a part of the complaint, which also alleges that said proceedings were and are null and void on many grounds which so far as necessary will be hereafter referred to.

The plaintiff then pleads an offer to repay to the defendant the amount which he paid to the county for the land, with interest and all sums paid out by him, and kept the offer good by depositing the same in court for the use and benefit of the defendant.

It is further alleged that the mortgagee, Root, died in Silver Bow county about November 30, 1918, and that plaintiff was appointed administratrix of his estate by an order duly given and made in the district court of said county, qualified as such, received letters of administration which are in full force and effect, and that as such she is the owner and holder of the mortgage in question; that said mortgage was recorded in Jefferson county on March 10, 1922, immediately upon discovery of the fact that the mortgaged premises were located therein; and that the mortgagor, W. W. McLean, was the owner in fee of the mortgaged premises until December 31, 1921, when he died intestate, and that since his death the premises have been in the possession of Elmer McLean, a son, and the other heirs

of the deceased mortgagor, and that the sum of $1,500, besides interest, is due upon the note secured by the mortgage.

For a further cause of action the complaint sets out the same facts with reference to the note and mortgage, the death of the mortgagor and mortgagee, appointment of plaintiff as administratrix and the proceedings leading up to the delivery of the quitclaim deed to the defendant by Jefferson county, as are contained in the first cause of action; and then alleges that this defendant in purchasing the land from Jefferson county was not acting for himself, but was acting wholly, solely and only by the direction, and at the instance and request and for and on behalf, of said W. W. McLean and with the purpose, design and understanding of the defendant and said W. W. McLean to invest the latter with such title in said property as Jefferson county may have acquired under the deed made to it, and that in consequence thereof the defendant acquired no title or interest in said property, which is of any force or effect against the mortgage of the plaintiff thereon.

For a third cause of action all of the preliminary facts above recited are again repeated, and it is then alleged that during the years 1919 and 1920, said W. W. McLean, with the knowledge and acquiescence of the defendant, represented to the plaintiff that he would be unable to make payment of principal and interest on the note secured by said mortgage and requested the plaintiff in consideration thereof for an extension of time in which to make payment, and that the plaintiff, relying upon such representations, did not commence any proceedings on said note and mortgage until the tenth day of March, 1922, when she discovered the attempt made by W. W. McLean and the defendant to acquire said property through said tax proceeding, and thereby defeat the plaintiff's mortgage, and that said W. W. McLean at the time of making such representations well knew of all of the proceedings leading up to the sale of said property to Jefferson county, and that both said W. W. McLean and the defendant knew that during the year 1921 no redemption had been made from such sale and of the proceedings being taken to secure a tax deed therefor,

and knew that the plaintiff believed that said real estate was situated in Silver Bow county, whereas said W. W. McLean and the defendant knew that it was located in Jefferson county, and that neither the defendant nor said W. W. McLean advised the plaintiff of such facts, but that said W. W. McLean and the defendant purposely, designedly, knowingly, willfully and fraudulently withheld and concealed the same from the plaintiff with the intent, design and understanding of said W. W. McLean and the defendant to cheat, and defraud the plaintiff out of the right to enforce said mortgage against said property and the payment of said note; and that said W. W. McLean was without any other property subject to execution.

On the first cause of action the plaintiff prays for a judgment setting aside all proceedings in connection with the execution of the tax deed to Jefferson county and from Jefferson county to the defendant. On the second and third causes of action she prays that under the deed to Jefferson county and from Jefferson county to the defendant, it be decreed that the defendant acquired no title or interest in the property which is of any force or effect against the mortgage of the plaintiff, and for general relief.

To this complaint and each cause of action stated therein the defendant filed a general demurrer, which was sustained by the court, and, the plaintiff having declined to further plead, judgment was entered in favor of defendant, from which the plaintiff has appealed.

1. While the first cause of action set out in the complaint [1] points out many alleged defects and irregularities in the proceedings leading up to the issuance of the tax deed to Jefferson county and the subsequent transfer of the property to the defendant therein, we find it necessary to refer to but one which is fatal, and that is the proof of service of the notice of intention of Jefferson county to apply for a tax deed.

Section 2209, Revised Codes of 1921, requires the purchaser [2-4] of property sold for delinquent taxes, thirty days

previous to the expiration of the time of redemption, or thirty days before he applies for a deed, to serve upon the owner of the property purchased, if known, and upon the person occupying the property, if said property is occupied, a written notice containing certain information which is particularly pointed out in this section. The necessity of giving this notice applies to a county as well as to an individual. (*Wetherbee* v. *Johnston*, 10 Cal. App. 264, 101 Pac. 802.)

Section 2212 provides: "No deed of the property sold at a delinquent tax sale must be issued by the county treasurer, or any other officer, to the purchaser of the property, until after such purchaser shall have filed with the treasurer, or other officer, an affidavit showing that the notice" specified in section 2209 has been given as therein required, which affidavit must be filed by the treasurer and kept in his office.

"The affidavit in particular is the basis upon which the treasurer is to act, and the conditions from which his power to issue the deed arises must appear by the affidavit. * * * It is incumbent, then, upon the purchaser to show by his affidavit whether the property was occupied or unoccupied, and if occupied, that the person upon whom the notice was served was at the time occupying it." (*Cullen* v. *Western etc. Title Co.*, 47 Mont. 513, 134 Pac. 302.)

In determining the sufficiency of tax title proceedings, the records alone can be considered and defects or omissions may not be corrected or supplied by anything *dehors* the record. (*Martin* v. *Barbour*, 140 U. S. 634, 35 L. Ed. 546, 11 Sup. Ct. Rep. 944 [see, also, Rose's U. S. Notes]; *Pace* v. *Wight*, 25 N. M. 276, 181 Pac. 430; *Lowenstein* v. *Sexton*, 18 Okl. 322, 90 Pac. 410; *Henderson* v. *Ward*, 21 Cal. App. 520, 132 Pac. 470.)

In 2 Cooley on Taxation, page 1034, speaking of the conditions imposed upon a purchaser who makes application for a deed in tax proceedings, it is said: "Whatever the statute may make provision for, subsequent to the sale, * * * must be strictly performed. * * * Every provision of this nature must be strictly complied with. Nothing can be substituted for it."

The affidavit filed with the county treasurer in this case, which, as above pointed out, was the very basis of his authority to issue the tax deed in question, after describing the property, expressly recites that the same was occupied, but wholly fails to state by whom or that the notice was served upon such occupant.

Under the statute and the rules announced in the foregoing authorities, the county treasurer was wholly without power to issue a valid tax deed based upon this affidavit, and the deed so issued by him cannot be upheld as the basis of a title which will defeat the plaintiff's right to resort to appropriate proceedings to subject the property to the satisfaction of the debt secured by the mortgage. Since the defendant acquired no greater right in the property than the county had (*Martin* v. *Barbour, supra*), the court erred in sustaining the demurrer to the first cause of action set forth in the complaint.

2. According to the allegations of the second cause of action [5] stated in the complaint, the defendant in purchasing the land from the county was acting for his father, W. W. McLean, the mortgagor in plaintiff's mortgage, who had bound himself to pay the taxes on the land. In legal effect, therefore, in buying the land from the county he was only discharging an obligation which he owed to the state and the plaintiff, and it cannot be recognized that he acquired the property freed from the mortgage lien which he himself had created thereon. The rule applicable to a case of this kind is laid down in 2 Cooley on Taxation, 964, as follows: "The law would justly be chargeable with connivance at fraud and dishonesty if a mortgagor might be suffered to permit the taxes to become delinquent, and then discharge them by a purchase which would at the same time extinguish his mortgage. There is a general principle applicable to such cases which may be stated thus: That a purchase made by one whose duty it was to pay the taxes shall operate as payment only. He shall acquire no rights as against a third party by a neglect of the duty which he owed to such party." (See, also, 37 Cyc. 1347; *Word* v. *Moore*, 66 Mont.

550, 214 Pac. 79; and extended notes in 16 L. R. A. (n. s.) 121 and 52 L. R. A. (n. s.) 877.)

3. The third cause of action set forth in the complaint recites sufficient facts to establish the perpetration of a fraud [6] upon the plaintiff by the defendant and his father, W. W. McLean, the mortgagor, which entitle the plaintiff to have her mortgage sustained as a valid and subsisting lien upon the land in question, notwithstanding any title which the defendant may have acquired by his deed from the county, based upon the tax sale proceedings, even though such proceedings were valid. (*Mendenhall* v. *Hall*, 134 U. S. 559, 33 L. Ed. 1012, 10 Sup. Ct. Rep. 616 [see, also, Rose's U. S. Notes]; *Buffum* v. *Lytle*, 66 Fla. 355, 63 South. 717; *McAlpine* v. *Zitser*, 119 Ill. 273, 10 N. E. 901.) In the syllabus to *McAlpine* v. *Zitser, supra*, it is stated: "Where the owner of mortgaged real estate suffers it to go to sale for taxes, and, colluding with his son, has him buy in the title at the sale, and has the tax deed made in his name, the title so acquired, in the hands of a daughter of the mortgagor, to whom the son had quitclaimed pending suit to foreclose, is subject to the mortgage."

The allegations of both the second and third causes of action in this complaint are sufficient to entitle the plaintiff to the relief sought in connection therewith.

For the reasons above stated, the judgment is reversed and the cause remanded to the district court, with directions to overrule the demurrer to each cause of action set forth in the complaint.

*Reversed and remanded.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Holloway and Galen concur.