TILDEN, APPELLANT, v. CHOUTEAU COUNTY ET AL., RE-SPONDENTS.

(No. 6,482.)

(Submitted May 28, 1929.  Decided July 3, 1929.)

[279 Pac. 231.]

*Messrs. McKenzie & McKenzie,* for Appellant, submitted a brief; *Mr. John McKenzie* argued the cause orally.

*Messrs. Miller & Wiley* and *Mr. H. F. Miller*, for Respondents, submitted an original and a supplemental brief; *Mr. C. W. Wiley* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was brought to set aside a tax deed and to allow plaintiff his right of redemption. General demurrers to the amended complaint were sustained, and, plaintiff refusing to further plead, judgment of dismissal and for costs was entered in favor of defendants, from which plaintiff appealed.

The amended complaint, which was filed November 17, 1928, alleges that plaintiff is the owner and holder of a mortgage on certain described land situated in Chouteau county; that the land was struck off to the defendant county in January, 1922, as purchaser at a delinquent tax sale for taxes assessed against the land in 1921; that on September 27, 1927, the county, upon giving notice of application therefor, received a tax deed to the property; that on December 22, 1927, the county pretended to sell the property to the defendant Kaulbach, by contract providing for payments by installments; that the tax deed is invalid, for the reason that the notice of application therefor was void, because it stated an incorrect amount due and required to be paid upon redemption by including prior taxes for the year 1920. A copy of the notice of application alleged to have been given is attached to the complaint, in which is set forth this statement: ''That the total amount now due thereon and required to redeem said property from said sale, including taxes prior to and since said sale, and the fees, percentages, penalties, and costs, required by law, is the sum of $1,232.80, with interest at the rate of twelve per cent per annum from the 31st day of August, 1927.'' The record discloses that the taxes for the year 1920, with interest, amounted to $268.89.

Section 2209, Revised Codes of 1921, in prescribing the contents of the notice of application for tax deed, requires, *inter alia*, that it state the amount for which the property was

sold, and "the amount due," and then provides that the right of redemption exists until the notice has been given and the deed applied for "upon the payment of fees, percentages, penalties and costs required by law." The provisions of this section are applicable to a county as well as an individual. (*Harrington* v. *McLean*, 70 Mont. 51, 223 Pac. 912.)

A notice stating an incorrect amount due does not apprise the redemptioner of the amount required to redeem and is invalid. (*Hinz* v. *Musselshell County*, 82 Mont. 502, 267 Pac. 1113.) Likewise, if the notice is invalid, it invalidates the deed based upon it. (*Jones* v. *Harper*, 102 Kan. 539, 171 Pac. 655; *Salter* v. *Corbett*, 80 Kan. 327, 102 Pac. 452; *Landregan* v. *Peppin*, 86 Cal. 122, 24 Pac. 859; *Reed* v. *Lyon*, 96 Cal. 501, 31 Pac. 619; *Shine* v. *Olson*, 110 Minn. 44, 19 Ann. Cas. 962, 124 N. W. 452.)

The question then is: Was it proper to include, in the statement of the amount due in the notice of application for deed, the taxes due for the year 1920? The record does not show what proceedings, if any, were taken to collect the 1920 taxes. The amended complaint shows that the tax sale here involved was for the 1921 taxes only.

By section 2210, Revised Codes of 1921, the redemptioner of property sold for delinquent taxes shall, "in addition to the amount for which the said land was sold, with interest thereon, pay the subsequent taxes paid by the purchaser at such tax sale, or his assignee, with interest thereon at the rate of twelve per cent. per annum from the date of the payment of such taxes." This section also provides that "in all notices of application for tax deed the applicant shall state, in addition to the amount paid at the tax sale, the amount of subsequent taxes paid by the applicant or his assignee upon such land, with interest thereon at the rate of twelve per cent. per annum from the date of such payment, and no redemption shall be made until the amount of such sale, with interest, and such subsequent taxes and interest shall have been paid by the person seeking to redeem such lands."

When the property is sold to the county, as here, it must ▮ be assessed thereafter in the same manner as if it had not been so purchased, but it must not again be sold until the time for redemption from the previous sale has expired (sec. 2231, Rev. Codes 1921), and the redemptioner must pay subsequent assessments, costs, fees and interest (sec. 2233, Id.). The term "subsequent assessments" means those levied against the property subsequent to the tax for which the sale was made. (*Boyer* v. *Gelhaus*, 19 Cal. App. 320, 125 Pac. 916.)

The fact that these sections of our statutes fail to make reference to prior taxes is indicative of a legislative intent that prior taxes need not be paid in order to effect a redemption. This intention is also made manifest by section 2215, Revised Codes of 1921, as amended by Chapter 85, section 2, Laws of 1927, which provides that a tax deed "shall be deemed to convey to the grantee the absolute title to the lands * * * free of all incumbrances, except the lien for taxes which may have attached subsequent to the sale."

Defendants contend that, had the notice of application omitted ▮ the 1920 tax, and had plaintiff redeemed the land without paying the tax for that year, he would have taken the land burdened with the lien therefor, and therefore contend that it was proper to include the 1920 taxes in the statement of the amount due in the application for a tax deed. Conceding the premise that upon redemption of property from one tax sale the redemptioner takes the property burdened with liens for prior taxes—but of this there is considerable doubt (compare note in Ann. Cas. 1913A, 675, and *State ex rel. City of Great Falls* v. *Jeffries*, 83 Mont. 111, 270 Pac. 638)—still it does not follow that taxes for prior years are properly included in the notice of application for a tax deed based upon a particular sale.

A redemptioner has a right to know what he is obliged to pay to redeem property from a particular sale, even though upon redemption it comes to him burdened with other liens. Under our statute it was improper to include, in the statement of the amount due in the notice of application for tax deed,

taxes for the year 1920, and hence the notice and the tax deed based thereon are invalid.

The amended complaint states facts sufficient to constitute a cause of action.

Plaintiff also challenges the correctness of an order made by the court striking certain allegations from the amended complaint. The motion was based upon the following facts: Before the amended complaint was filed, to wit, on August 17, 1928, the defendant Kaulbach made affidavit as provided in section 1 of Chapter 85, Laws of 1927, to obtain an order of court requiring plaintiff to deposit in court the amounts therein required. Upon the filing of the affidavit an order to show cause was issued, returnable September 15, 1928. On the last-mentioned date a hearing was had, after which the court made an order fixing the amount to be deposited by plaintiff in court and gave him thirty days within which to make the deposit. The amount thus fixed by the court includes the taxes for the year 1920. It was set forth in the motion to strike that, since plaintiff complied with that order and never appealed therefrom, he is estopped from now questioning the amount due as set forth in the notice of application for tax deed. The allegations of the amended complaint, stricken therefrom by order of the court, were those questioning the validity of the notice of application for tax deed, because it included the 1920 taxes in the statement of the amount due.

Section 1 of Chapter 85, supra, provides, in substance, that in any action brought to set aside a tax deed the purchaser or his successor may file the affidavit therein provided for and obtain an order requiring plaintiff to deposit in court, among other sums, the amount of all taxes, penalties, and interest which would have accrued if the property had been legally assessed and sold for taxes and was about to be redeemed. Upon the filing of the affidavit the court shall order the deposit made, or issue and have served an order to show cause why the payments should not be made. The section then provides: "Upon the hearing of the order to show cause the court shall have jurisdiction to determine said amount and to make

an order that the same be paid into court within a given time, not exceeding thirty days after the making of said order." It provides that if the amount, when so determined, is not deposited, the true owner shall be deemed to have waived any defects in the tax proceedings. If the payment shall be made and plaintiff "shall be successful in said action * * * said sum shall be paid to the purchaser or his successor. If said true owner shall not be successful in said action * * * said money shall be returned to said true owner." The words "true owner" are by the statute made to embrace any person claiming to have any interest in or lien upon the property or a right to redeem the same. The evident purpose of the statute is to require the plaintiff in an action to set aside a tax deed to deposit in court the amounts therein provided for before being permitted to maintain his action. Chapter 85 makes no provision for an appeal from the order made by the court.

The proceedings resulting in the order are originated by the filing of the affidavit in the action to set aside the tax deed. The filing of the affidavit raises an intermediate question in the main action to set aside the tax deed. The correctness of the ruling on that question is one of the questions that may be reviewed on appeal from the final judgment. (See *State ex rel. Bonners Ferry Lumber Co.* v. *District Court,* 69 Mont. 436, 222 Pac. 1050.) It is expressly assigned as error here.

We hold that plaintiff, in order to retain the right to litigate the question of the validity of the tax deed, may make the deposit required by the court under Chapter 85 and still contest the correctnesss of those items which are expressly set out in his complaint as improperly included in the amount required to effect a redemption as set forth in the notice of application for a tax deed, and that he is not precluded from so doing by the order of the court fixing the amount he deposited.

The court erred in including taxes for the year 1920 in fixing the amount required to be deposited in court by plaintiff and in sustaining the motion to strike.

The validity of the notice of application for tax deed is questioned on other grounds, but we find no merit in them.

The judgment is reversed and the cause remanded, with directions to set aside the order sustaining the motion to strike and the order sustaining the demurrers, and to enter an order overruling them, and to modify the order fixing the amount required to be deposited by plaintiff, by eliminating the amount of the 1920 taxes.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

Rehearing denied July 16, 1929.