GLACIER COUNTY, Respondent, *v.* HALVORSON MER-
   CANTILE CO. et al., Defendants; MATHER, Appel-
   LANT.

(No. 6,996.)

(Submitted January 31, 1933. Decided March 2, 1933.)

[19 Pac. (2d) 648.]

*Messrs. Freeman, Thelen & Freeman,* for Appellant, submitted a brief; *Mr. J. P. Freeman* argued the cause orally.

*Mr. S. J. Rigney,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an action to quiet title in the respondent Glacier county. The lands affected are the west half, section 25, township 35 north, range 5 west, M. P. M. These lands were owned by Felia Ferron Barr in 1923, and were assessed to her that year. She failed to pay the taxes, and as a result they were offered for sale by the county treasurer of Glacier county on the morning of February 1, 1924. No bids were made, and in the afternoon of the same day the property was again offered for sale. No bids were made, and the property was struck off to the county.

On June 7, 1929, the county gave notice of application for tax deed. The notice was in the ordinary form and recited that on August 1, 1929, deed would be demanded and that the sum necessary to effect a redemption was $305.35. No redemption was made, and on August 2, 1929, tax deed was issued to the county.

Plaintiff alleged ownership of the lands and that defendants Halvorson Mercantile Company and Northern Montana Association of Credit Men claimed an interest therein, and that the claims of the named defendants and all other persons were

without right, and prayed that title to the property be quieted in Glacier county. Defendants Halvorson Mercantile Company and Northern Montana Association of Credit Men alleged in their answers certain transfers of the lands culminating on June 9, 1929, in a deed from the Northern Montana Association of Credit Men to one Verne Mather. These defendants disclaimed any right, title or interest in the premises. Mather filed a separate answer in which he denied the material allegations of plaintiff's complaint, and by affirmative defenses and counterclaim alleged title in himself. He asked for the cancellation of the tax certificate and deed. Reply was filed and issues joined; evidence was submitted, and judgment entered for the plaintiff. The appeal is by Mather from that judgment.

Appellant's contentions may be summarized as follows: (a) That the notice of application for tax deed was defective, in that the amount set forth as necessary to redeem was excessive and greater than authorized by law; and (b) that the acts of the treasurer of the county in offering the property for sale twice on the same day, and then on that day striking it off to the county, were illegal.

In view of the circumstances and facts of this case and the condition of the record, it is unnecessary to consider the latter contention. The case must be reversed on the first ground. The amount set forth in the notice as necessary to effect a redemption of the property on August 1, 1929 ($305.35), was ascertained by computing the amount of taxes assessed for the years 1923 to 1928, inclusive, together with a penalty of five per cent. on the delinquent taxes and interest at the rate of one per cent. per month on both the taxes and the penalties. It is also important to note that the interest computed included interest for the full month of August, 1929, and that the amount also included a certificate charge of fifty cents.

The interest charged on the penalties which accrued during the years 1923 to 1928 amounted to $3.97. The sum advertised as necessary to redeem was obviously excessive to that extent. Interest is not properly chargeable on the penalty.

(*Shubat* v. *Glacier County,* ante, p. 160, 18 Pac. (2d) 614, 616.)

The charge of fifty cents for the certificate of sale was improperly added. Section 2191, Revised Codes of 1921, provides in part that "no charge must be made for the duplicate certificate when the county is a purchaser." Since such a charge cannot be made to the county by the treasurer, it follows that the county could not properly add a certificate charge to the amount which the redemptioner was required to pay to redeem the property.

The treasurer, in computing the interest, included one per cent. for the month of August, 1929. The period for redemption expired August 1, 1929, and the notice recited that deed would be demanded on that day. Section 1 of the controlling statute (Chap. 96, Laws of 1923) provides in the following language for interest on delinquent taxes: "All delinquent taxes shall draw interest at the rate of one per cent. per month from the time they are first delinquent until paid." While the interest rate is one per cent. per month, the section does not state or contemplate that interest shall only be computed in full months, treating each fractional part of a month as a whole. Certainly no one would claim that a note bearing "eight per cent. per annum" would require the payment of a whole year's interest for each year and each fractional part of a year. The interest under the section can only be charged until all delinquent taxes are paid. In this case the redemptioner had to and including the first day of August to redeem, but under the notice he was required to pay interest for the full month of August in order to effect a redemption. It therefore seems plain that interest should be charged only to the day of payment, rather than to the end of the month in which the payment is made. Here redemptioner, to comply with the terms of the notice, would have been compelled to pay interest for the full month of August, whereas the deed was issued to the county on the second day of August.

The amount advertised as necessary to redeem was excessive at least in the sum of $6.96. It is contended that, since

the amount of the overcharge was not great, there was a substantial compliance with the law and the proceedings should not be held invalid.

This contention was decided in the case of *Shubat* v. *Glacier County*, supra, a case wherein the present respondent was a party, and which was decided very recently. The court in that case said: "Counsel for respondent suggest that, since the amount named in the notice is but slightly in excess of that owing, the deed is valid. The legislature enacts the law; that function pertains to it and not to this court. In enacting this law the legislature did not say that the notice for tax deed shall state approximately the amount due, but it did say that the notice must state the amount due. By that, of course, it meant the correct amount. The amount due is not a matter of opinion or conjecture, but may be arrived at by the simple process of accurately computing the interest and adding thereto the tax and penalty and other charges. If this court were to say that the deed is not vitiated because the amount stated in the notice is $1 more than is actually due, then where is the line of demarcation to be drawn? We will not attempt to draw that line. The statute has done that."

Respondent urges that appellant, by reason of his tender of the sum of $400 to the treasurer of Glacier county, has waived the right to attack the notice of application for deed on the ground that the amount set out as necessary to redeem was incorrect. This tender was made in accordance with an order to show cause issued by the district judge and as required by Chapter 85, Laws 1927. Such a tender does not amount to a waiver under the facts of this case. Appellant in his amended answer specifically challenged the correctness of the amount demanded in the notice. This question is settled by the case of *Tilden* v. *Chouteau County*, 85 Mont. 398, 279 Pac. 231, 233, wherein it was said: "We hold that plaintiff, in order to retain the right to litigate the question of the validity of the tax deed, may make the deposit required by the court under Chapter 85 and still contest the correctness of those items which are expressly set out in his complaint as improp-

erly included in the amount required to effect a redemption as set forth in the notice of application for a tax deed, and that he is not precluded from so doing by the order of the court fixing the amount he deposited.''

The notice of application for tax deed was invalid, and the deed based upon it was a nullity.

Under the rulings of this court in the cases of *Shubat* v. *Glacier County*, supra, and *Tilden* v. *Chouteau County*, supra, the judgment is reversed and the cause remanded, with instruction to enter judgment in accordance with the prayer of the cross-complaint of the defendant Mather.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, ANGSTMAN and ANDERSON concur.